RuffiN, Chief Justice,
 

 after stating the case as above, proceeded as follows: The argument for the defendants denies the power of the Court to re-examine the question of commissions; and if the power exists, then the propriety of the alterations made by the decree, is denied. It is supposed that the jurisdiction of the County Court is exclusive; and, therefore, that the determination of that Court is conclusive upon all others. This position rests upon the wording of the act as included in the Revised Statutes, ch. 46, sec. 29, which uses the words “ Courts of pleas and quarter sessions are authorized, &c.” But that phraseology is not found in the act of 1799, which speaks of Courts generally. We do not suppose that this change of language is material; but it is noticed for the purpose of shewing, that if the jurisdiction be in the County Court, it arose originally out of the nature of the subject, and not out of an express grant to that Court by statute, that might perhaps impart exclusive authority over'the
 
 *410
 
 subject. We do not doubt that the Court, in the contemplation of the Legislature, is that in which the administration account is to be rendered, upon which the commission is allowed; and, therefore, that ordinarily the County Court is meant. But, it does not thence follow that the allowance of that Courtis absolutely definitive and conclusive for all purposes, however erroneous in point of law, or unjust it may be in its operation. From necessity it is indeed so, in trials at law, on the plea of fully administered. Juries are incompetent to the determination of the proper rate, and cannot have before them the
 
 data
 
 for fixing a just allowance. Different juries, too, might think differently as to the time and trouble of the executor, and of the value of time and responsibility; so that, as to one creditor, a full administration would be found, and as to another would not, as the commission was made more or less by the jury. Hence in
 
 Hodges
 
 v.
 
 Armstrong,
 
 3 Dev. Rep. 253, the
 
 Coart
 
 said, there.could uot be a retainer for commissions, unless they were allowed by the Court; and it follows that when so allowed, the jury is bound to find accordingly. That, however, proceeds from the obvious mischief of any other rule at law; which lays on the Courts the necessity of adopting this. It is far otherwise, with respect to the Court of Equity, when called on directly to take all the accounts of the estate; which acts once for all, in taking the final account and distributing the fund. That Court has the best means of deliberate and thorough investigation into all matters material to settling a just allowance. It cannot be supposed that the Legislature meant the statute to be more to that Court than a mandate to allow compensation, and not to render the fiat of the inferior tribunal, with inadequate means of information, imperative and conclusive as to what the decree should be. The conclusion contended for on behalf of the defendants cannot, in such a case, be supported by words of grant merely to the County Court; but would require additional words of exclusion to oust the Court of Equity of its natural jurisdiction over matters of account, and over every thing that can enter into the account. Nay, independent of that consideration, and supposing the jurisdiction to be exclusive at law, yet the Court of Equity,
 
 *411
 
 when the order is impeached as being unjust, is bound to examine it, upon the ground that, as an
 
 ex parte
 
 proceeding, it is regarded as having been obtained by surprise, as against those who are injuriously affected by it. We think, therefore, that the subject of commissions, as incidental to the settlement of- administrations, is within the cognizance of every Court exercising equitable jurisdiction in a suit for the purpose of settling those accounts; and that, upon a bill in the Court of Equity, an improper allowance by the County Court may be corrected.
 

 °eounty Court,pass-cd before the admin-made dy for set-" ra,te pfcom-™e1Sallowed specifying 'which the11 s°0““^¡re ,t0 b? ealcu' laled, nor giving the u™m,"iVso !°ose Jhat it ought to reform-account.at
 

 It becomes, then, our duty to consider of the proper subjects of commission in this case, and of its rate; and to determine on these points between his Honor and the County Court. In the first place, we desire it to be distinctly understood, that although we do not deem the
 
 ex parte
 
 order for commissions conclusive, yet we regard it as entitled to much respect, and that it is not fit to vary it, unless it be founded on a mistake of the law, or the rate be clearly excessive. The transactions of executors are often affairs of the vicinage, and the magistrates frequently possess personally the information requisite to a just determination. But, the same time, it is well known, that while the law intends the commission as a bare compensation for trouble, time and responsibility, many persons look upon the office of executor as one of profit, and endeavour to render it such by the moluments contrived for it. It is, therefore, often proper to reduce the commission, ev.en when it is allowed
 
 in
 
 numero, or after a fixed rate on a specified sum. In the present case, however, the order is so loose in its terms as to admit of abuse; and for that reason ought to be reformed. It was made in January, 1836, and “ allows
 
 5 per cent,
 
 on the receipts and disbursements of the estate.” In October following, the administrators made up their accounts, under the inspection of the auditors; and therein for the first time it is seen what 7 they call “ receipts and disbursements of the estate;” for the order of the Court neither specifies any sum on which the commission is to be calculated, nor gives the amount of it, ’ ©
 
 *
 
 but only declares the rate. The order was probably strued by the auditors contrary to the intention of the Court,
 
 *412
 
 But if not, we are confident that specific articles, inventoried merety ari executor,- and delivered to a legatee, are not “ receipts” within the meaning of the act,
 
 on
 
 which a commission is to be calculated. We have already so expressed our opinion during this term, in the case of
 
 Spruill
 
 v.
 
 Cannon.
 
 We are not aware of its ever having bee.n done, much Jess that it is usual. It may be very proper to take into consideration the trouble of managing the slaves, in estimating the commission on the receipts properly speaking. But the law provides no means of putting avalué on the slaves, so as to lay a foundation for a commission. We are equally clear, that a set-off in reduction of. a debt to the intestate, does not fall within the description of
 
 “
 
 receipts.” Suppose there were set-offs to all the debts. Could the administrator repel the last, upon the ground that if allowed, there would be no fund to pay his commission? The balance is the true debt in case of set-off; and that balance is the receipt within the statute. So the bonds, which were in the hands of the intestate as a trustee, did not belong to him; and delivering them to the true owners was not an
 
 “
 
 expenditure” for the estate of. the intestate. These items amount together to $8,940:22 cents, and thereon a commission of 5
 
 per cent,
 
 viz, the sum of $447:01 cent was improperly charged under the order of the County Court. In our opinion, his Honor was right in disallowing it as far as he did; and he ought to have gone further, and refused the commission of $31:25 cents, given on the value of one of- the slaves — in which particular the deoree must now be corrected.
 

 The commission on the residue of the estate, which the administrators paid over in bonds to the guardian, the decree reduces from 5 to 2 1-2
 
 per cent.;
 
 allowing on $50,818:29 cents the sum of $1,270:45 cents, instead of $2,540:90 cents. We approve of the decree in this respect, and accordingly .affirm it. Regularly there ought to have been a reference to the Master to state the facts specially, and to settle the allowance; and so, if either party had requested it, or if the facts had been uncertain or complicated, it would doubtless have been directed. But, in this case, almost the whole subject of controversy is the question of commissions; and the charges
 
 *413
 
 of the bill and statements of the answer are special and cir-cmnstantial as to all matters that can affect the decision. The cause is tried upon the bill and answers, so as to give the defendants the full benefit of their own statements as being entirely true. Taking the answer as our guide, we concur in the opinion of his Honor on the point under consideration, and therefore do not deem it necessary to send the case to a Master. By the decree, after deducting the before mentioned sum of $31:25 cents, the allowances of the defendants amount to $2,820:53 1-2 cents. The burden of the administration was much lightened by the agreement of the guardian to accept the bonds instead of the money; which enabled the administrators to avoid much responsibility, and to close the business at comparatively an early day. T-he estate was principally paid over in less than two years; and we think the sum fixed, must fully compensate for the time and trouble of these gentlemen in doing the business of the estate, while they were at the same time attending to their own. The management of the estate seems indeed to have been unexceptionable, and the accounts perfectly plain and true; for in no respect are they questioned, except on the point of the allowances'solely. The administrators ought, therefore, to be amply compensated; and in adopting the sum mentioned, we consider that they are thus compensated.
 

 We do not, however, approve of the charge of interest against the defendants, and especially from the period specified in the deqree. The defendants have not sought any delay in this suit, not even that of having process served in the ordinary course. They answered at pnce, and in a full and precise manner; so that the plaintiffs pet down the cause to be heard instantly upon the defendants’ own statements. This shews no consciousness of error; but on the contrary, that the defendants believed they had no money but their own. In reality, they retained by an authority apparently lawful and without fraud on their part, or objection from the other side. They could not suppose they owed the plaintiffs any sum whatever, much less know what it was. Until the bill was filed, therefore, it does not seem there was any ground for charging interest;-and in that respect also, we think the
 
 *414
 
 decree must be corrected. With those modifications, the de» cree must be affirmed; but we do not think it a case for costs, either in the Court below, or in this Court.
 

 Per Curiam. Decree affirmed.