IN THE MATTER OF J. M. LEDBETTER, JR., ADMINISTRATOR C. T. A. OF THE
ESTATE OF ROBERT L. STEELE III, DECEASED.

(Filed 21 May, 1952.)

**1. Executors and Administrators § 29—**

In the absence of testamentary provision, the right of the personal representative to compensation is controlled by G.S. 28-170.

**2. Same—**

Where a claim against an estate is reduced by the amount of credits or offsets existing in favor of the estate against claimant, the administrator is not entitled to commissions on the credits and offsets so deducted, since he neither received nor actually expended same.

APPEAL by J. M. Ledbetter, Jr., administrator *c. t. a.* of the estate of Robert L. Steele III, from *Phillips, J.,* in Chambers at Rockingham, North Carolina, 9 February, 1952, in proceeding in the Superior Court of RICHMOND County.

Application by an administrator with the will annexed for an allowance of commissions.

These are the facts:

1. During his lifetime, Robert L. Steele III, a resident of Richmond County, North Carolina, executed a deed of trust conveying land in Bladen County, North Carolina, to a trustee to secure his indebtedness to two banks, to wit, the Farmers' Bank and Trust Company of Rockingham, N. C., and the Federal Reserve Bank of Richmond, Virginia.

2. Robert L. Steele III died testate on 25 April, 1941, and the Clerk of the Superior Court of Richmond County thereupon granted letters of administration with the will annexed to J. M. Ledbetter, Jr., who is hereinafter called the administrator.

3. Shortly thereafter the two banks and the trustee sued the administrator in the Superior Court of Bladen County to foreclose the deed of trust. A consent judgment was entered in the cause in April, 1943, adjudging that the indebtedness of the estate of the testate to the banks totaled $43,000.00, declaring that this indebtedness was justly subject to deductions amounting to $8,000.00 for credits or offsets existing in favor of the estate of the testate and against the banks, and ordering the foreclosure of the deed of trust for the satisfaction of the difference between the indebtedness and the deductions. The present record does not disclose either the nature or origin of the credits or offsets.

4. On 14 January, 1952, the administrator made application to the Clerk of the Superior Court of Richmond County for an award of commissions on the amount of the deductions allowed the estate of the testate by the consent judgment. The clerk denied the application "as a matter

of law," and the administrator appealed to Judge Phillips, who affirmed the clerk's ruling. The administrator excepted and appealed, assigning the order of affirmance as error.

*G. S. Steele for J. M. Ledbetter, Jr., Administrator c. t. a. of Robert L. Steele III, appellant.*

ERVIN, J. In the absence of an effective testamentary provision on the subject, the right of the personal representative of a decedent to compensation is controlled by the statute now codified as G.S. 28-170.

Under this statute, the clerk of the Superior Court having jurisdiction in the particular case has the discretionary power of allowing an executor or administrator commissions not exceeding five per cent upon the amount of his "receipts . . . and . . . expenditures." The terms "receipts" and "expenditures," as used in the statute, refer to the actual receipts and the actual expenditures of the personal representative. The administrator in the instant case has no lawful claim to commissions on the credits or offsets deducted by the consent judgment from the indebtedness of his testate to the banks. This is necessarily so for the very simple reason that the deductions were neither actually received nor actually expended by the administrator. *Walton v. Avery,* 22 N.C. 405; 34 C.J.S., Executors and Administrators, section 865 (b).

The order of Judge Phillips is
Affirmed.