P. W. EDWARDS v. S. L. LOVE, et al. Executors.

*Executors—Liability of Individually.*

1. Where expenses are incurred by an executor in carrying out directions con tained in a will, they stand on the same footing as the expenses of adminis- tering the estate, and must be paid out of the assets, before legacies.

2. Where a will directed the executors to employ the plaintiff as agent to sell cer- tain lands of the testator, and in obedience to such directions, the executors entered into a contract under seal with the plaintiff, *It was held,* that the exe- cutors were personally liable on the contract, but as it was entered into under the directions of the will, and the services rendered were for the benefit of the estate, payment might also be coerced out of the assets of the estate.

3. In such case, under our former practice, the plaintiff would have had to sue the executors on their individual liability in an action at law, and to enforce the liability of the estate, he would have had to go into a Court of equity, but since the adoption of the Code system, both reliefs may be administered in one action.

(*Bank* v. *Harris,* 84 N. C., 206 ; *Mebane* v. *Clayton,* 86 N. C., 571 ; *Mitchell* v. *Roberts,* 2 Dev. Eq., 478 ; *Hardy* v. *Leary,* 8 Ired. Eq., 94 ; *Morrow* v. *Morrow,* Busb. Eq. 144 ; *Little* v. *Bennett,* 5 Jones, Eq. 156, cited and approved).

CIVIL ACTION, tried before *Graves, Judge,* upon exceptions to the report of a referee, at July Special Term, 1885, of the Su- perior Court of HAYWOOD county.

James R. Love, residing in the county of Haywood, died in the year 1863, owning numerous and large tracts of land, situate in said county, and in the counties of Jackson and Swain, known by the expressive term, *speculation lands,* as designating the pur- pose for which they had been acquired and held. Previous to his death, he executed a will, with several codicils, which has been duly proved, and therein he nominates as executors, Robert G. A. Love and Samuel L. Love, two of his sons, William H. Thomas, who had intermarried with his daughter, and has since become insane, and William L. Hilliard, who had inter- married with another daughter, all of whom accepted the trust, and entered upon the discharge of the duties imposed upon them. The executor Robert G. A. has since died.

The testator, in his lifetime, had the plaintiff in his service, in looking after, surveying, and making contracts for the sale of said land, and in reference thereto, makes this provision in his will:

"And in relation to the Speculation Lands, it is my will and desire, that the sales shall continue, under the management of my executors, as though I was living, they receiving for their services the same that I am receiving (to-wit), twenty-five per cent. on the amount sold, and they are also to make titles, and Phillip W. Edwards is to be continued agent, as long as the executors and he can agree."

He was thus employed by the executors, and the plaintiff's present action, instituted on September 2d, 1880, is to recover compensation for services rendered, under a contract with him in these terms:

"Know all men by these presents, that we, W. H. Thomas, R. G. A. Love, Samuel L. Love, and W. L. Hilliard, executors of the last will and testament of J. R. Love, deceased, do hereby authorize and impower P. W. Edwards, to make contracts for the sale of lands belonging to the estate of the late J. R. Love, and known as the 'Speculation Lands,' lying in the counties of Haywood, Jackson and Swain, and in our names to execute bonds for titles thereto, and to take notes to secure the purchase money thereof, and to that end, to search out and survey the said lands, to the extent that he shall make contracts of sale of the same. And for such services, the said Edwards is to receive as compensation, as follows: For each tract of fifty acres or less, two dollars; for each tract over fifty, and not exceeding one hundred acres, three dollars; and for each acre in excess of 100 acres, the sum of one cent per acre. He is also to receive in addition thereto, the sum of five per centum of all amounts of sales made by him; and in further addition thereto, he is to receive for office work, in writing deeds and performing other clerical duties, when so requested or required by either of the undersigned, the sum of three dollars per day, and board and other necessary ex-

penses. And the said P. W. Edwards is hereby required to report at the end of every three months, the number of acres so contracted and sold, where the same is situated, the purchaser thereof, and the price per acre, and the terms of sale, and also what moneys are collected by him on such sales. It is further understood and agreed by the said executors, that if the said P. W. Edwards, after having made energetic and honest efforts to sell said lands as above directed, but failed to do so on account of the pressure of the times and scarcity of money, and having given satisfactory evidence of the same to the executors, then the said Edwards, for such service, shall be paid the sum of two dollars per day, with the necessary expenses for self and horse. It is further understood that the said executors reserve to themselves the right to call in this paper, and stop the sale of said lands, at any day that a majority of them see proper or deem it prudent so to do. And the said P. W. Edwards is to receive his said compensation out of the notes taken for the sale of said lands.

In witness whereof we have hereunto set our hands and seals this 18th day of December, 1874.

(Signed)  R. G. A. LOVE, [Seal.]

SAM'L L. LOVE. [Seal.]

W. L. HILLIARD, [Seal.]

This covenant and constitution of agency, was proved and registered on the 19th day of February, 1880.

At Spring Term, 1883, an order of reference was made to John A. Ferguson and W. L. Norwood, to take and state an account between the parties, and to report the evidence and their findings thereon, both of law and fact, to the next term of the Court.

The referees made their report accordingly, in which they find, upon an adjustment of their claims, to be due the plaintiff on May 5th, 1880, the sum of one hundred and fifty dollars and forty-three cents, whereof one hundred and twenty-two dollars and eighty cents is principal money, and moreover that the defendants, *as*

*executors,* are not liable for any portion of the demand, nor does it constitute a charge against the testator's estate in their hands.

Several exceptions were taken by the plaintiff to the report, all of which were abandoned at the hearing before the Judge, except the last, which is in these words:

" Said referees concluded as a matter of law, that the defendants are not liable as executors for any part of the amount found to be due the plaintiff, (as per their report), and that the same does not constitute a charge against the estate of their testator, the said J. R. Love, deceased. Whereas, they should have found that the defendants are liable, in law, as executors, for said debt, and for all claims due said plaintiff as their agent."

This exception was sustained, the ruling of the referees reversed, and it was adjudged that the plaintiff recover of the surviving acting executors, William L. Hilliard and Samuel L. Love, as such, the amount reported to be due, with interest on the principal money from July 13th, 1885, until paid, and that the costs, including the half of the joint allowance to the referees, before adjudged against the plaintiff, be taxed against the defendants, and declaring the same to be a charge upon their testator's estate.

From this judgment and ruling, the defendants appealed.

*Mr. M. E. Carter,* for the plaintiff.
*Mr. A. W. Haywood,* for the defendants.

SMITH, C. J. (after stating the facts). The covenant entered into by the defendants, as imposing a legal obligation, is personal to them, for they cannot by their own act, make it that of their testator. But the contract is made by them as trustees, in the discharge of a fiduciary duty created under the will, and assumed in their acceptance of office. The action would lie against them as individuals, and a recovery be had, while at the same time, the plaintiff has a right to have so much of the trust estate as is in their hands and applicable to the plaintiff's claim, used in

its discharge. The proceeding is against them personally, the term "executors" only designating the capacity in which they have covenanted, and it is intended to enforce an obligation, entered into under the authority, and pursuant to the provisions of the will, and for the benefit of the testator's estate. Had the demand of what is truly due, been voluntarily met, the voucher for the payment would have been received as a proper disbursement, just as would be sums paid counsel, for aid in the management of the trust, or costs incurred in the *bona fide* prosecution of an action, which proves unsuccessful, in the interests of the estate, or in an unavailing resistance to an action against it.

As the fruits would benefit and enlarge the trust estate, so must moneys used in its defence, or in the assertion and enforcement of its supposed just demands, go to its impairment and diminution. If, then, the executors might have voluntarily paid the claim, why, when they refuse, may not the plaintiff coerce them to make payment out of the assets in their hands, produced by the plaintiff's rendered service?

The suit has a two-fold purpose : 1st, to establish the demand under the covenant; and, 2nd, to enforce its discharge out of the trust fund. What may have formerly required an exercise of both legal and equitable jurisdiction, to be sought in distinct forums, may now be secured in a single proceeding, in one tribunal. *Bank* v. *Harris*, 84 N. C., 206 ; *Mebane* v. *Clayton*, 86 N. C., 571.

" The primary jurisdiction of the Court," remarks RUFFIN, C. J., referring to a court of equity, in *Mitchell* v. *Roberts*, 2 Dev. Eq., 478, " is *in personam*, and although our statutes allow executions in equity, the nature of the decree is not altered, but only that process is substituted, at the election of the party, for that of contempt. The decree is against the defendant personally, regarding him, (the executor in this case), as a trustee, by reason of the fund in his hands, applicable to the plaintiff's satisfaction."

24

Again, when expenses are incurred by an executor, in carrying out the directions contained in the will, they stand very much on the footing of those incurred by the testator himself, and like the expenses of administering the trust, have a prior claim upon the estate, and must be paid before legacies can be. This plain principle has been recognized and acted on in cases before this Court. Thus, in *Hardy* v. *Leary*, 8 Ired. Eq., 94, the testator directed that certain income should be used by his executor, in the support and education of his children. After his death, his widow married a second time, and this husband, the intestate of the plaintiff, sent to school and supported the children so provided for in the will, at his own expense, receiving payment therefor from the defendant, the testator's executor. It was held that to the extent of the income, devoted to this object, the plaintiff was entitled to be reimbursed the moneys thus reasonably expended by the intestate.

The same general principle is recognized in *Morrow* v. *Morrow*, Busb. Eq., 148 ; and in *Little* v. *Bennett*, 5 Jones Eq., 156. While thus, the defendants, with trust funds in hand applicable to the plaintiff's debt, (and there is no suggestion in the case to the contrary), may be compelled to appropriate them in its discharge, they are liable to an action on the contract as personal, irrespective of the possession of assets, and may be compelled to pay out of their individual estate. But this remedy does not take away the equitable right to proceed against them as trustees in possession of trust funds which are also liable. The concluding portion of the judgment, declaring the debt a charge upon the estate, imports, as we understand its terms, a mandate to the defendants to make the payment out of the trust fund, according to the contract.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.