J. R. GAY and wife et al. v. A. L. DAVIS, Adm'r, et al.

*Commissioner to sell land—Costs—Expenses of Sale—Counsel Fees.*

A commissioner appointed to make sale of lands under a decree of Court, will not be allowed any extra compensation for his attorney's fees, where it appears that his duties are simple and it is not made to appear that the services of counsel are necessary.

CIVIL ACTION, tried before *Womack, J.,* at Spring Term, 1890, of GRANVILLE Superior Court.

The case is, in substance, this:

A judgment in the action was entered against certain of the defendants, in which they were required, by a day designated, to pay the mortgage debt specified; and it was ordered further, that if the same should not be paid on or before that day, that the defendant, administrator of one of the deceased mortgagors, as commissioner appointed for the purpose, sell the land described in the pleadings and apply the funds of the sale to the payment of the mortgage debt, the payment of the costs of the action, the allowance to himself of $20 for making sale, &c., an allowance of *$25 to his counsel, as commissioner,* and $5 allowance to Hicks for making his report of costs, &c. The land was twice sold—the last time for $652.39.

The appellants excepted to so much of the judgment as directs the commissioner to pay to his counsel $25 out of the fund raised by the sale of the land, and appealed to this Court.

*Mr. R. W. Winston,* for plaintiffs.
*Messrs. J. B. Batchelor* and *L. C. Edwards,* for defendants.

MERRIMON, C. J.—after stating the facts: There is no statutory provision in this State that has been brought to our attention, or within our knowledge, that prescribes or authorizes an allowance of compensation directly to the counsel of commissioners charged with a particular duty by an order of Court, or otherwise, or to counsel of trustees, whatever may be the nature of the trusts wherewith they may be charged. Nor is there any general rule of practice prevailing in Courts that permits such allowances to be made. In the absence of statutory provision, the Courts, in the exercise of chancery powers, make allowances to commissioners and trustees in appropriate cases, and such allowances are sometimes enlarged, so as to embrace reasonable compensation to counsel of such commissioners or trustees in cases where counsel is necessary to a proper discharge of their duties, but in such cases the Courts are careful to see that the services were necessary, that the charges are reasonable and are charged against the proper parties.

In *Mordecai* v. *Devereux*, 74 N. C., 673, the late Chief Justice PEARSON, a lawyer and Judge of great experience and observation, said: "This Court has never interfered between attorney and client in making allowance for professional services, and we are not inclined, at this late day, to assume the power to do so. We make allowance to a clerk for stating an account, or to a commissioner for making sales, on the ground that the work is done by order of the Court. But we have never supposed that we could be called on to settle fees between client and attorney, although there be a fund in the keeping of the Court."

The Court has no authority to determine what compensation counsel shall demand or ought to have—it has authority to determine what are just and reasonable expenses of, and allowances to commissioners and trustees, when they come within its jurisdiction for appropriate purposes. In some cases they need and require the aid of legal counsel in the

discharge of their duties. Such counsel is necessary for the just protection and advantage of all persons interested in the execution of the purposes of the commission or trust, but the Court can only know and deal with the party over whom it has jurisdiction and control. As to them, unless otherwise provided by statute, it can determine the measure of charges and allowances, and who shall pay the same, and that the same shall, or shall not, be paid out of funds of which the Court has control.

The Court, therefore, erred in making the allowance to counsel and directing the commissioner to pay the same. It should simply have allowed the commissioner reasonable compensation for selling the land, disposing of the fund and executing the deed to the purchaser, etc., as directed by the judgment.

What is such reasonable compensation or allowance, must depend very largely upon the nature and circumstances of each case. Ordinarily, the duties of a commissioner appointed to sell a tract, or tracts, of land are very plain and simple—he does not need, and ought not to require, the aid of counsel, and, in such cases, no allowance on that account should be made to him; he simply incurred unnecessary costs. There may be exceptional cases in which a commissioner might not unreasonably require the aid of counsel, and he would be allowed to make a reasonable charge on that account, but the Court will be very cautious in making such allowances, and very careful to prevent abuses. Indeed, it would be better, in cases where counsel may be required, that the Court should, in advance, allow such aid to be employed.

It was suggested on the argument that the small allowance of twenty dollars to the commissioner was surely not intended to embrace the fees to counsel for preparing the deed for the purchaser. If this were so, it could not warrant

the allowance made to counsel—the rule of practice above pointed out forbade it. But so far as we can see, the duty of the commissioner was very simple, and he did not need the aid of counsel. The land did not sell for a great sum, and the allowance to the commissioner was considerably greater than the statutory allowance (*The Code*, § 1910) to commissioners appointed to sell land for partition for "selling such land and making title thereto." That statute provides that for such sales amounting to five hundred dollars or less the allowance shall not exceed ten dollars, and when the same amounts to more than that sum, and not exceeding two thousand dollars, it shall not exceed two *per centum* of the amount of the sale. The duties of such commissioners are very much alike, and not less burdensome than the duty of the commissioner in this case. The purpose of the Legislature is to make the sales of land for partition cost the parties interested as little as practicable, and we are unable to see why such purpose should not prevail as to like sales made under orders of the Court for other purposes, having proper regard as to the extent of the services rendered.

There is error. The judgment must be modified by striking from it the allowance to counsel, and, thus modified, affirmed. To that end let this opinion be certified to the Superior Court. It is so ordered.

Error.