LEWIS FROELICH, Trustee, v. THE FROELICH TRADING COMPANY.

*Action on Note—Note of Business Concern Signed by Manager—Parties.*

1. The fact that a manager of a business concern has made himself personally liable by signing a note as manager, with the addition of the name of the business concern, does not affect the liability of such concern where it has received the benefit of the proceeds of such note.

2. Where an estate of a deceased person is, under the provisions of the will, doing business under a certain name and under the conduct of the executor as manager, and is sued, judgment may be rendered against the concern in the name by which it is so sued, as well as against the manager, but not against the estate, as such, so as to acquire a lien on the property of the estate.

3. Where a will authorizes the executor to conduct and wind up the business of the testator, and gives the beneficiaries the net proceeds only, they are not entitled to claim exemptions against judgments for liabilities incurred in conducting and winding up the business.

CIVIL ACTION tried before *Graham, J.*, at March Term, 1896, of HALIFAX Superior Court, a jury trial being waived. The facts appear in the opinion of the court. There was judgment for the plaintiff, and defendants appealed.

*Messrs. MacRae & Day,* for plaintiff.
*Mr. Thos. N. Hill,* for defendants (appellants).

FURCHES, J.: The testatrix was a merchant in the town of Halifax at the time of her death. This business was done under the name and style of "Froelich & Co.," which she directed by her will to go to her children "to be divided into equal shares by my executor to each, to hold to their assigns forever." In the third and next paragraph of her will she provided as follows:

"That my executor is authorized to carry on the business above named, to change the style of the firm name, or incorporate the same, according to the statute in this State, giving it such name as he deems most appropriate, or wind up the business if he deems it for the best interest of the children, and distribute the proceeds to them or invest the proceeds for them in some other manner." "Lastly, I appoint Frederick Froelich, my husband, my executor."

This will was duly admitted to probate, and the husband,

executor therein named, qualified and undertook to carry out the trusts contained in the will and to settle the estate.

Under the power contained in the will, he elected to carry on the business of "Froelich & Co.," and to change its business name to "The Froelich Trading Co." Under this new name, "The Froelich Trading Co.," on July 6, 1894, Frederick Froelich, acting as he supposed under the powers contained in the will of his wife and for what we must suppose he thought to be for the best interests of the children named in the will, bought out the interest of Charles Froelich & Co. in the "Froelich Trading Co.," for which he agreed to pay $496.68. And for the payment of this sum he executed a note, under seal, payable six months after date, and signed the same "F. Froelich, (Seal) Manager of the Froelich Trading Co."

There is no fraud alleged in this transaction, and it is admitted that the goods were bought for the "Froelich Trading Co.;" that they were in the store building of the "Froelich Trading Co." at the time of the purchase and the date of the note, and a part of them are there now. The allegations of the complaint and the admissions in the answer resolve the whole case substantially into one question, and that is, whether this is a debt of the "Froelich Trading Co." or not.

Of course it is contended by the plaintiff that it is, while the defendant contends that it is not, and is the individual debt of Froelich. The defendant contends that where an agent or executor gives his note, signing his name with a seal, and adds the word "executor," or words showing his agency, that these words are surplusage and the agent alone is bound. And while it is admitted that this proposition is generally true, it is not always true.

Frederick Froelich is more than an agent. Under the will of his wife, Cornelia, he is a trustee of this fund, with

120—6

direction to continue the business, and to change the name of the concern if he thinks best—both of which he did, continued the business and. changed its name. He could not continue the business without buying more goods. It was not *his* business. He was not to receive the profits It was to be carried on for the benefit of the children of .the testatrix, and he was "to distribute the *proceeds* to them."

This fund, though created by the will of the testatrix, and in a sense constituting a part of her estate, was not the subject of distribution among the children, after the executor Frederick elected to continue the business, but only.the *proceeds* that should arise from or remain upon the same being wound up. This being so, it seems to us that the business concern, "The Froelich Trading Co." is liable for this debt. *Edwards* v. *Love*, 94 N. C., 365. It is contended by defendant's counsel that the defendant Frederick has made himself personally liable by the execution of the note sued on. And in our opinion this is true. But where it appears that the purchase of these goods was . for the benefit of the "Froelich Trading Co.," and that this concern got the benefit of them, the defendant Frederick making himself personally liable by the manner in which he executed the note does not prevent the business concern, "The Froelich Trading Co.," from also being liable. *Edwards* v. *Love, supra.* Suppose the note had been made and signed in the name of the Froelich Trading Co.; it seems to us that it could hardly be contended that it would not be liable. Or, suppose the goods had been bought just as they were by defendant Frederick, but no note given for them, could it be contended that the business concern, The Froelich Trading Co., would not have been liable? And if it would be liable with a note given in the name of

the concern, or without any note at all, upon what principle of equity is it not liable in this case?

It is contended that, if otherwise entitled to recover, he cannot do so in this action, for the reason that the executor is not a party. And it is conceded that in personal actions against a decedent's estate the personal representative must be made a party. In this case the executor is a party defendant, though he is not named or sued as such; nor was it necessary that he should be so named and sued. The cause of action is fully set out in the complaint, and is to collect a debt contracted after the death of the testatrix. The judgment should not be against her estate, but against the defendant Frederick personally, and the Froelich Trading Co., represented by the defendant Frederick, for a debt made by him in the due course of executing the trust. So the proper parties were the Froelich Trading Co. and Frederick Froelich, and both of these are defendants.

It is also contended by defendant that the Froelich Trading Co. is a partnership concern, composed of the four children of the testatrix, and that each one of them is entitled to a personal property exemption. But from what we have said, it is seen that this is not so. This is a trust fund, created and placed in the hands of the defendant Frederick to carry on the business for the benefit of the children, and they are only to, *have the proceeds distributed among them* at the closing out and winding up of the concern. This is the only interest they have in the concern — that is, in what is left after paying the debts and liabilities of the concern. It is clear, then, that they are not entitled to the personal property exemptions claimed.

We see no ground for a specific lien. The plaintiff sets up a mortgage in his complaint, but we see no further mention of it in the case and, of course, no lien can be declared on this.

The judgment of the court below should have been a personal judgment against Frederick Froelich, and also judgment against the Froelich Trading Co. With this modification the judgment is affirmed.

Affirmed.