GEORGE M. LINDSAY v. W. M. DARDEN. Ad. *d. b. n.* of R. C. D. Beaman.

(Decided March 28, 1899).

*Attorney and Client—Executors and Administrators.*

1. If an administrator employs counsel to assist him in his administration, the contract is personal, and is not a debt against the intestate's estate. The administrator must pay it, and if the disbursement is proper it will be allowed him in the settlement of his account with the estate.

2. No debt of the *estate* can be created after the death of the intestate or testator.

CIVIL ACTION by the plaintiff, an attorney-at-law, upon an account of professional services rendered R. J. W. Beaman, administrator of R. C. D. Beaman in the management of the estate, tried before *Robinson, J.,* at August Term, 1898, of GREENE Superior Court.

The intestate died in 1884, and R. J. W. Beaman became his administrator, but died before concluding the administration, in 1897, and defendant, W. M. Darden, became administrator *de bonis non* upon the estate of R. C. D. Beaman, and this action is brought against him for services rendered by plaintiff, as counsel of R. J. W. Beaman, administrator as aforesaid.

LINDSAY  *v.*  DARDEN.

There was an offer of judgment made by defendant for sum of $10 and costs to date of offer, February 18, 1898. The account was for sum of $485, duly itemized. There was an order of reference to Hon. James E. Shepherd, who, after finding the facts, reported as his conclusions of law: (1) That the plaintiff is not entitled to recover against the estate of R. C. D. Beaman either in a legal or equitable point of view any greater amount than ten dollars (the amount admitted to be due by the answer of the defendant) and his costs up to the date of the filing of the offer of judgment. (2) That the action be dismissed at the cost of the plaintiff accruing after the date of said offer of judgment. Plaintiff filed exceptions to the report of facts and conclusions of law.

His Honor, upon the hearing, overruled the conclusions of law and rendered judgment for $475 in favor of plaintiff, with costs of action.

The defendant excepted to the judgment in so far as it gives the plaintiff $475 instead of $10—and further excepted, for that the plaintiff can not maintain his action against defendant administrator, for that the contract was made with R. J. W. Beaman, and the estate of R. C. D. Beaman is not liable thereon, even though the Court should be of opinion that the services rendered were in fact for the benefit of the estate.

Appeal by defendant.

*Messrs. Battle & Mordecai,* for appellant.
*Mr. George M. Lindsay,* for appellee.

FAIRCLOTH, C. J.  This action was referred, and upon the findings of the referee and the Court, judgment was entered for the plaintiff.

The facts are, that R. C. D. Beaman died in 1884, and

R. J. W. Beaman qualified as his administrator, and before the estate was fully administered the administrator died, and in 1897 the defendant qualified as administrator d. b. n. on said estate.   Said administrator contracted with plaintiff, as his attorney, to aid him in administering and settling the estate of his intestate.   The plaintiff now sues the administrator d. b. n. for services rendered the first administrator, and defendant declines to pay the account on the ground that it is not a charge on the estate in his hands.

It is very well settled that if an administrator employs counsel to assist him in his administration, the contract is personal, and is not a debt against the intestate's estate.   The administrator must pay it, and if the disbursement is proper, it will be allowed him in the settlement of his account with the estate.   The Court will allow such commissions, charges and expenses as it may deem reasonable and just, whether it is equal to or less than the contract price.   *Devane v. Royal,* 52 N. C., 426; *Kessler v. Hall,* 64 N. C., 60.

Plaintiff does not seriously dispute the above rule, but falls back on the equity of his case.   He contends that inasmuch as the Courts will allow the administrator's voucher, the Court ought to coerce the payment out of the assets of the estate.   The fallacy is that it is not a debt of the estate, as no debt of the *estate* can be created after the death of the intestate or testator.   He relies on *Edwards v. Love,* 94 N. C., 365.   That case was upon a state of facts unlike the present. The testator directed his executors to employ the plaintiff as agent to sell lands and the executors contracted with him in obedience to such directions, and it was held that the executors were personally liable on the contract, but as it was entered into under the directions of the will and the services were for the benefit of the estate, payment might be coerced out of the assets of the estate.   It was as if the testator had made the contract and the services were rendered after his

death, in the course of administering the estate.   The law must fit the facts.

The plaintiff emphasized the fact that legal and equitable remedies are now allowed in the same action.   That is true, but the distinction between legal and equitable principles is the same as it was before the Constitution of 1868.   This fact seems frequently to be overlooked or misapprehended.

We think plaintiff's remedy is against the representative of the administrator with whom he contracted and not against the estate of the defendant.   There was error.

Reversed.