WALKER and BROWN, JJ., concurring in part.
Appeal from an order allowing W. H. Pace, trustee, as commissions the sum of $350, his attorney, John Boushall, $25, and cost of advertising, $69.30, and the controversy is wholly between the defendants Leach and Pace.
Prior to 3 May, 1915, the defendant M. T. Leach borrowed from the Raleigh Savings Bank and Trust Company the sum of $8,000, and to secure the payment of the same executed a deed of trust to the defendant W. H. Pace upon a storehouse and lot on the east side of Wilmington Street in the city of Raleigh. Default having been made in the payment of the said note and interest, the said Pace, who was the regular attorney of the Raleigh Savings Bank and Trust Company, being requested by the said trust company, advertised the said property for sale at the courthouse door in the county of Wake, and offered the same for sale on 3 May, 1915, when and where Miss Dixie Leach purchased the said property at and for the sum of $15,700.
The above entitled action was then brought on 7 May, 1915, by the plaintiff, and the lot conveyed to secure the debt and the surplus in hands of trustee were attached by the plaintiff. *Page 797 
The said trustee rendered bill as follows: Principal, $8,000; interest, $416; advertising, $69.30; auctioneer's fee, $2; trustee's commissions, $471, as of date 3 May, 1915; and the said Leach having filed objection to the allowance of commissions, $471, advertising, $69.30, and the said Pace having requested the court to allow an attorney's fee, his Honor, JudgeDaniels, fixed it at $25. It appeared before his Honor that the said W. H. Pace, as trustee, prepared the advertisement, had it inserted in the Newsand Observer, had it posted at the courthouse door and three other public places; spoke to two or three persons to attend the sale, attended the sale on 3 May, 1915, which sale occupied one-half or three-quarters of an hour; prepared the deed to Mr. Vass, assignee of Miss Dixie Leach, and made demand upon the bidder, Miss Dixie Leach, for the payment of the purchase price. These were all of the services rendered by Mr. Pace as trustee, and in the above-entitled action he filed an answer by his attorney, John Boushall.
The deed of trust contains the following stipulations: If the said Leach shall fail or neglect to pay the interest on said note as the same shall hereafter become due, or both principal and interest at the maturity of said note, or any part of either the interest or principal when due and payable, or shall fail for six hours to keep the buildings on said property insured as below required, or shall fail for thirty days to pay any taxes or assessments on said property as below required, then, and in either of such events, the whole of said note shall be considered due and payable, regardless of the date of maturity expressed on the face of said note, and it shall be lawful for the said Pace, (708) trustee, his executors, administrators or assigns, to advertise the said hereby granted property for sale by notice published in some newspaper published in Raleigh, N.C. and by notice posted at the county courthouse door and three other public places in Wake County, N.C. for a time not less than thirty days prior to date of sale, therein appointing a time and place of sale, and at such time and place to expose said land at public sale to the highest bidder for cash, and upon such sale to convey the same to the purchasers, and first retaining out of the proceeds of sale the costs of sale, including a commission of 3 per cent on the proceeds of sale, to pay to the holders of said note so much of the residue as may be necessary to pay off and discharge the same, and all interest then accrued and due thereon, together with such sums, with interest, as they may have paid out for taxes, assessment or insurance, as below allowed, and to pay the surplus, if any remain, to the said M. T. Leach, his executors, administrators or assigns.
It further appeared that the advertisement of the sale of the property appeared daily in the News and Observer, a newspaper published in the city of Raleigh, for thirty days. *Page 798 
Upon the foregoing evidence his Honor allowed W. H. Pace, as trustee, for his commissions, $350, allowed the News and Observer for advertisement, $69.30, and allowed John Boushall, as attorney of W. H. Pace, trustee, the sum of $25.
1. The defendant M. T. Leach excepted to the allowance of the sum of $350 to the trustee, upon the ground that the same was unreasonable for the service rendered by the trustee.
2. The defendant M. T. Leach excepted to his Honor's allowance of the advertisement in the News and Observer, as it was unnecessary to put said advertisement in said paper daily for thirty days prior to the day of sale, and that the amount of $3 was all that the court could allow for the advertisement.
3. The defendant M. T. Leach excepted to the allowance to the attorney of the trustee, $25 — not upon the ground that the same was unreasonable, but that the fee of the attorney of the trustee could not be charged and retained by the trustee out of the proceeds of sale of the lot.
The defendant W. H. Pace, trustee, through his attorney, excepted to the allowance of only $350 to the trustee.
Both parties appealed.
(709) 1. Did the court have the power to fix the compensation of the trustee for executing the power of sale, or is the compensation determined by the stipulation in the deed of trust?
It is clearly recognized in Howell v. Pool, 92 N.C. 453, that the court can determine what is a reasonable allowance for services rendered by a trustee, although the amount is specifically provided for in the deed of trust, when the court has taken jurisdiction of the cause and the parties, and the sale is made under its decree; but while there are expressions inClark v. Hoyt, 43 N.C. 222, and Duffy v. Smith 132 N.C. 38, indicating that this power does not exist, in the absence of evidence of fraud or undue influence, or that it is a cover for usury, when the sale is made under the power in the trust deed, we have not been able to find a case in our Reports directly deciding the question.
In Boyd v. Hawkins, 17 N.C. 329, which is relied on by the defendant Leach, it appeared that the relation of trustee and cestui que trust
already existed under former conveyances, when the agreement for compensation to the trustee was inserted in a subsequent deed of trust, *Page 799 
and the decision rests upon the ground that the trustor was in the power of the trustee.
The authorities elsewhere generally support the position that the parties have the right to stipulate in the deed of trust how much shall be paid for the services of the trustee, and that when there is no fraud nor undue influence, and the contract is not a cover for usury, and is not so large as to be oppressive, that the contract of the parties will be enforced and cannot be disturbed by the courts. "The mortgage or trust deed may provide for compensation to the mortgagee or trustee, and then the agreement of the parties will, of course, govern." Jones on Mortgages (6 Ed.), sec. 1923.
"If the instrument creating the trust fixes the compensation, or declares that none is to be received, or where the trustee, previous to his acceptance of the trust, makes a valid and binding agreement with thecestui que trust as to the compensation which he is to receive, the compensation fixed by the instrument, or by such agreement, will be the rule of allowance to the trustee, and cannot be reduced by the court." 39 Cyc., 494.
"The compensation of the trustee may be provided for in the trust instrument or by contract between the seller and the trustee. In that case, by the acceptance of the trust, the trustee will become bound to be satisfied by the amount there specified." 7 Mod. Am. Law, 332.
"The acts of Assembly which settle the allowance to be made to persons sustaining fiduciary relations, for their care and trouble in the administration of their trusts, do not supersede the right of parties who are thereto legally competent to make their own contracts in this particular. If they agree upon a different form or rate of compensation, their agreement will constitute the law of the (710) particular case, and as such be enforced." College ofCharleston v. Willingham, 30 S.C. Eq., 195.
"Where the instrument creating the trust provided that the trustee shall have a compensation for his services in executing the trust, such provision will be enforced. If the instrument declares the rate of compensation it must be followed." In re Schell, 53 N.Y. 263, 265.
"Where the instrument creating the trust, however, fixes a different compensation, or declares that none is to be allowed, or where the trustee, previous to the acceptance of the trust, makes a valid and binding agreement with the cestui que trust as to the rate of compensation to be allowed for his services in the execution of the trust, that, of course, must prevail." Meacham v. Sternes, 9 Paige's Chancery Reports (N. Y.), 398, 404.
"We are of opinion . . . that the court had no more right to increase his compensation beyond that provided for by the trust, without the *Page 800 
consent of the other parties in interest, than it would have had to decrease it without his consent." Southern Ry. Co. v. Glenn, 98 Va. 299,313.
"It is next contended by appellants that the trustee was entitled to charge only reasonable compensation for the services performed by him as such trustee. Ordinarily, that is true, but that rule of law is inapplicable where the amount of the compensation to be paid had been fixed by contract." Ladd v. Pigott, 114 S.W. (Mo.), 985.
"Where the instrument creating the trust fixed the compensation of the trustee, it must prevail." Biscoe v. State, 23 Ark. 592, 598.
We therefore conclude, as there is no allegation of fraud, undue influence, oppression or usury, that his Honor was in error in reducing the amount provided for in the deed of trust as compensation for the trustee, and that he is entitled to 3 per cent upon the proceeds of the sale, according to the agreement of the parties, and proceeds of sale means what the land sold for.
In Loftis v. Duckworth, 146 N.C. 344, the commissions of the trustee were confined to the debts secured in the deed of trust, and not allowed on the amount for which the property sold, because this was the express provision of the deed of trust.
2. Is the defendant trustee entitled to charge, as a part of the expense of sale, $69.30 for advertising in the News and Observer for thirty consecutive days? We think not.
The parties to a trust deed have the right to make a special agreement as to how the property shall be advertised for sale, in addition to statutory requirements, and may provide for additional expenditures for that purpose, but the deed of trust in this case follows very closely the language of section 641 of the Revisal, which provides: "No (711) real property shall be sold under execution, deed in trust, mortgage, or other contract hereafter executed, until notice of said sale shall be posted at the courthouse door and three other public places in the county for thirty days immediately preceding such sale, and also published for four weeks in some newspaper published in the county, if a paper is published in the county: Provided, the cost of such newspaper publication shall not exceed $3, to be taxed as cost in the action, special proceeding or proceeding to sell."
The advertisement contemplated by this section in the newspaper is once a week for four weeks, and in the absence of an agreement to the contrary, only $3 can be allowed for this item of expense. The small amount allowed by the statute gives clear indication that it was not intended that the notice in the newspaper should be published for thirty consecutive days. *Page 801 
3. Is the trustee entitled to the allowance of $25 for an attorney's fee?
A trustee has the right to employ counsel to aid him in the execution of his trust, and a court of equity may make reasonable allowance for the services rendered, but he cannot employ counsel at the expense of the trust estate when it is not necessary. Day v. Davis, 107 N.C. 270; Knights ofHonor v. Selby, 153 N.C. 208.
In the first of these cases, Merrimon, C. J., speaking for the Court, says: "There is no statutory provision in this State, that has been brought to our attention, or within our knowledge, that prescribes or authorizes an allowance of compensation directly to the counsel of commissioners charged with a particular duty by an order of court, or otherwise, or to counsel of trustees, whatever may be the nature of the trusts wherewith they may be charged. Nor is there any general rule of practice prevailing in courts that permits such allowances to be made. In the absence of statutory provision, the courts, in the exercise of chancery powers, make allowances to commissioners and trustees in appropriate cases, and such allowances are sometimes enlarged so as to embrace reasonable compensation to counsel of such commissioners or trustees in cases where counsel is necessary to a proper discharge of their duties, but in such cases the courts are careful to see that the services were necessary, that the charges are reasonable and are charged against the proper parties."
Applying this principle, we do not think the attorney's fee ought to be charged against the defendant Leach. The trustee had already executed his trust, except he had not paid the surplus in his hands to the trustor, and he was made a party to this action only for the purpose of attaching the fund in his hands. He had nothing to do with the action except to state the amount in his hands, and is not interested in the result except to obtain his commissions.
This will be certified to the Superior Court with directions to (712) enter judgment in accordance with this opinion. The costs of the appeal will be divided between the defendants.
Reversed.