## Boyd County v. Cisco.

(Decided February 20, 1931.)

THOMAS BURCHETT for appellant.

A. N. CISCO and DYSARD & TINSLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

John Barnett and W. W. Quillen, citizens and taxpayers of Boyd county, suing for themselves and all other taxpayers of the county, instituted suit against William Caldwell, John Mock, and W. H. Carp, commissioners of Boyd county, seeking to recover of them $12,600, which it was alleged had been paid to them in excess of the salary to which they were entitled. The litigation involved the construction of certain acts regulating the salaries of commissioners in counties containnig a city of the second class. The taxpayers contended that the salary was limited to a sum not exceeding $600 per annum, while the commissioners contended that the salary was limited to a sum not exceeding $1,800 per annum. The circuit court decided in favor of the commissioners, but, upon an appeal to this court, the judgment was reversed, with directions to enter a judgment in conformity with the prayer of the petition of the taxpayers. Barnett et al. v. Caldwell, 231 Ky. 514, 21 S. W. (2d) 838. Upon the representation of the mandate, the former judgment of the circuit court was set aside and a new judgment entered in favor of the taxpayers for $12,600, or $4,200 against each commissioner. The judgment then recited that A. N. Cisco had represented the taxpayers as their attorney in the litigation in the circuit court and in the Court of Appeals, and that as a result of the litigation there had been a recovery of $12,600, and, upon his motion and upon the evidence offered in his behalf, the court adjudged that he should have a fee equal to 30 per cent. of that part of the judgment which should be collected, the same to be paid by the fiscal court as the judgment was collected. The fee was not fixed at 30 per cent. of $12,600, but 30 per cent. of so much of the judgment as should be paid into the treasury of Boyd county.

When the judgment was entered, the county attorney of Boyd county appeared and filed exceptions to the fee allowed to Cisco. The exceptions set out two grounds of attack on the fee allowed: One that the taxpayers who instituted the suit employed Cisco to look after the litigation through all of the courts at an agreed fee of $200, and the other was that the fee allowed was excessive and largely in excess of fees as regulated by the Boyd County Bar Association. The taxpayer plaintiffs filed their

affidavits in support of the exceptions, in which it was stated that they employed Cisco and he agreed to perform all the necessary services for a fee of $200. Cisco filed a counter affidavit in which he denied that there was such an agreement, but admitted that the taxpayers were to pay him that sum, and that they did pay him that sum upon the condition and understanding that it should be in full if nothing was recovered, but if there should be a recovery, the $200 was to be returned to those who had paid it and the fee should be fixed by the court and paid out of the amount of the recovery. He stated, in his affidavit, that it was understood and agreed that, in the event of recovery, he should be paid reasonable compensation; that upon proof heard the court had fixed the compensation mentioned in the judgment, and that thereafter the taxpayer plaintiffs demanded the return of the $200 and it was refunded to them.

The taxpayers then filed another affidavit still adhering to the former statement that the $200 was to be in full of the fee of Cisco, but they admit in the affidavit that after they had employed Cisco and the $200 had been paid that he told them that, if the suit was won, they would be repaid the $200, but that there was no agreement that Cisco should receive more than the $200.

The case was submitted on the exceptions to the amount of the fee allowed, and the court overruled the exceptions, and Boyd county was granted an appeal.

The proof heard on the motion of Cisco to allow him a reasonable fee for the services rendered is not before us. It was proper for the court to allow a fee to the attorney for the services rendered payable out of the amount recovered. Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136. The fee for such services should be reasonable, taking into consideration the character of the litigation, the time given to the preparation and trial of the case, the amount of recovery, the skill required in the preparation and trial of the cases, the ability and standing of the attorney, and such other elements as are necessary in arriving at the value of the services. Where a fee is contingent upon a recovery, the probability of recovery should enter into consideration in fixing the amount of the fee.

At first blush it appears that the fee allowed by the circuit court was too large. This court has had before it the record and is familiar with the amount of time required to prepare such a case and the skill required in

its preparation and trial. The fee allowed in this case may be different from the fee paid, as its payment is contingent upon the collection of the judgment. It is made to appear that $6,000 has been paid on the judgment, and there is nothing in the record to indicate the probability, or lack of probability, of the collection of the balance.

The brief filed in behalf of the county attacks the amount of the fee only upon the ground that there was an agreement between the taxpayers who instituted the suit and the attorney that $200 should be his full compensation. It is insisted that an attorney should not be allowed to recover a greater fee than named in his contract of employment. Certainly that is true. The circuit court had before it the affidavit of the taxpayers and the counter affidavit of the attorney as to the nature of the contract made at the beginning of the litigation. The taxpayers could not fix a fee to be paid out of the amount of the recovery, but there was nothing to prevent their fixing a fee for the entire services to be paid by them. They admit the return of the $200 to them, but that does not militate against the position which they maintain. With the evidence of the making of the contract at the beginning of the litigation as conflicting as it is, the judgment below on this point should not be disturbed, as the mind of the court is left in doubt, and this court could not say with assurance that the contract was one way or the other.

The other ground relied on in the exceptions was not supported by any proof, as there was nothing introduced by affidavit, or otherwise, to show that the fee was excessive. The point is not urged in brief for appellant.

Judgment affirmed.