## City of Raceland et al. v. McCoy et al.

(Decided Dec. 14, 1934.)

JOHN T. DIEDERICH for appellants.

J. D. ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This case is an aftermath of the case of City of Raceland v. McCoy, 254 Ky. 827, 72 S. W. (2d) 454. The only matter involved on this appeal is whether or not interest should be charged on the corrected amounts properly assessed against the property owners from the date of the correction and readjustment ordered by the judgment of this court on the former appeal or on the corrected amounts from the date of the original apportionment ordinance under the record. In the former appeal we held that the contractor should produce in court the bonds necessary to meet the readjustment of the original apportionment ordered by that opinion. This, of course, meant the readjustment caused by

items which had been eliminated or readjusted as set out in the opinion. This the contractor has done. The opinion of this court by necessary implication meant that the rest of the bonds which had been issued on the work should remain undisturbed and, as they bore interest from their date, it inevitably follows that the court by implication meant that interest was to be paid according to the tenor of the bonds not required to be surrendered. Right or wrong, this ruling of this court is the law of the case, and hence the lower court should not have required a surrender of the bonds by the contractor beyond that necessary to take care of the readjustments provided for in that opinion. The other bonds not required to be surrendered bore interest according to their tenor, which necessarily means that the property owner would have to pay the interest from the date of the original apportionment ordinance.

The judgment of the lower court not being in accord with these views, it is reversed with instructions to enter a judgment in conformity herewith.