## McCoy et al. v. Town of Chinnville et al.

(Decided June 8, 1937.)

190

J. D. ATKINSON for appellants.

WM. T. SMITH and JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Appellants appeal from a judgment of the Greenup circuit court refusing to allow their attorney, J. D. Atkinson, a fee for an amount equal to 33 1/3 per cent. of certain street assessment bonds and coupons amounting to the total sum of $3,925.12. The subject matter has been in this court three times, first in an action styled Downing et al. v. Town of Chinnville, reported in 237 Ky. 121, 34 S. W. (2d) 961; and in City of Raceland, Etc., et al. v. Meade McCoy et al., 254 Ky. 827, 72 S. W. (2d) 454; and City of Raceland et al. v. Meade McCoy, 256 Ky. 786, 77 S. W. (2d) 41.

In the Downing Case, supra, the question involved was whether or not the cost of a bridge across a ravine abutting the property assessed could be apportioned with the costs of the remainder of the street against the property abutting on the street that was improved. That action was brought by Downing, abutting property owner, and all persons similarly situated for the purpose of crediting the assessment so far as the cost of the bridge was concerned. The judgment of the court was that the bridges were properly included in the assessment and apportionment.

Appellant J. D. Atkinson does not appear to have been an attorney in the Downing Case.

The other two cases, supra, were brought for the purpose of having the street paving assessment, that had been apportioned against the owners of lands abutting the streets that were built by the contractor, credited by the elimination therefrom of certain items of costs of the work for which the assessments were apportioned and to adjust payment of interest on bonds that had been issued in payment of the assessments. The result of those two actions was the adjustment and the elimination of costs, which amounted in the aggregate to the sum of $3,925.12. These actions were brought by the abutting property owners and also on behalf of all parties similarly situated. It appears that C. T. Atkinson represented the property owners in those two cases.

Appellants contend that Atkinson, their attorney, is entitled to a reasonable fee for services rendered against the city of Raceland (once named Chinnville), which should be made payable by the city out of its general fund, or the city should be compelled to collect it from the property owners affected and benefited by the judgment. This question was presented to the court under proper proceedings, supported by affidavits of appellant Atkinson and other parties, and on submission the court rendered the following judgment:

"This cause having been submitted to the Court upon the motion of plaintiffs' attorney for the allowance of a fee in an amount equal to thirty-three and one-third per cent of certain street assessment bonds and coupons recovered in the above-styled action from the defendant Contractor, T. C. Cloran, and paid into the Treasury of the City of Raceland, said bonds and coupons amounting to the total sum of $3,925.12, and the Court having considered said motion, together with the supporting affidavits and exhibits filed with same, and having heard J. D. Atkinson, plaintiffs' Attorney on said motion, and R. H. Riggs, who appeared on behalf of the property owners upon whom notice had been served and for the City of Raceland, and being sufficiently advised, it is ordered by the Court that said motion be and the same is hereby overruled to which ruling of the Court said J. D. Atkinson, Attorney for plaintiffs, excepted and moved for an appeal from said ruling to the Court of Appeals which is hereby granted."

Appellants prosecute this appeal.

It is insisted that this action is known as a "class action," instituted by appellants for themselves as taxpayers, and for certain other taxpayers of the city similarly situated, for the purpose of crediting the assessment and apportionment which had been made against the property of abutting landowners to streets in the city; and for securing a judgment eliminating the sum of $3,925.12 from the assessment, thereby causing the contractor, T. C. Cloran, to deliver to the city enough bonds, that he held to be canceled and which were delivered to the treasurer and canceled; that the attorney should be allowed a reasonable fee payable by

the city for his services. The record shows that the services rendered by the attorney in the actions aforesaid were by reason of a written contract made with Atkinson by the abutting property owners, which contract. is now claimed to have been lost or mislaid. However, we find in the record, from an affidavit filed by Atkinson, a copy of the contract, which is as follows:

"Raceland, Kentucky.

"April 4, 1932.

"The undersigned, owners of property in Raceland, Kentucky, affected by Contract 'C', a paving contract in said Town, hereby employ J. D. Atkinson, an attorney at law to try for an adjustment of the paving assessments against said property, and in consideration of his efforts to secure a readjustment of same, hereby promise and agree. to pay said Atkinson a sum equal to 33 1/3% of any sum including interest by which he may have said assessments adjusted."

It must be conceded that Atkinson represented, in the litigation referred to, the abutting landowners to the streets by reason of said contract. No part of the judgment was for the benefit of the city, or for any other taxpayers or land owner, except those whose property abutted the streets that were built. No money was paid to the treasurer by reason of said judgment. The city gained nothing by the judgment, nor did the taxpayers as a whole benefit or recover anything as a result of the three suits referred to. The bonds which were payable on the ten-year plan had already been issued in accordance with and in pursuance to section 3706 of Kentucky Statutes. They had been accepted by the contractor for the building of the streets and bridges referred to. They were secured only by a statutory lien on the property abutting the streets. When delivered to the treasurer in pursuance to the judgment of the court were canceled to the extent of $3,925.12. The liens on abutting owners had been released to the extent of said sum. Therefore, it follows that the services rendered by Atkinson benefited no one except his clients who had employed him under the written contract, supra.

Appellants base their right for an allowance of a fee on the cases of Boyd County v. Cisco, 237 Ky. 534,

35 S. W. (2d) 849, and Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136, which do not sustain their contention.

In the Boyd County v. Cisco Case the action was instituted by citizens and taxpayers of Boyd county against certain county commissioners to recover from them money paid in excess of the amounts due them. In that case the judgment was rendered in favor of all the taxpayers and also in favor of the county. Of course, Cisco, the attorney who brought the suit, was entitled to be allowed a reasonable fee to be paid out of that excess.

Also in the Fox v. Lantrip Case, an excess of salary was paid to the county superintendent which was recovered for the use and benefit of the county and all taxpayers. The attorney, Lantrip, was adjudged a fee out of that fund, which was correct. In this case the action was instituted for the use and benefit of the abutting property owners to the street and not for the use and benefit of the municipality or for all of its taxpayers and citizens. No one received any benefit of the services of the attorney except those that employed him, which were the abutting property owners to the streets built. The liability of such property owners is entirely statutory. City of Middlesboro v. Terrell, 259 Ky. 47, 81 S. W. (2d) 865; City of Louisa v. Horton, 263 Ky. 739, 93 S. W. (2d) 620.

In the present case no recovery was had that could be paid into the general fund of the city. The duties or services performed by the attorney as we have said. were for the benefit of the citizens of the city that he represented, whose property by reason of the building of the street had been burdened with the liens to secure the payment of the bonds referred to. The only duties and, in fact, all the authority that is in the city in building streets was derived from section 3706 of the Statutes, supra. An ordinance was necessary to be passed and certain duties as laid down in said section to be preformed by the city and its officers in order to make effectual the lien upon the abutting property owners for the use and benefit of the builder of the streets. There is no liability resulting against the city for any part of the costs of building the streets. Therefore, we have reached the conclusion that the judgment of the lower court was correct.

Judgment affirmed.