HADLEY HORNER, FOR AND ON BEHALF OF HIMSELF AND ALL OTHER TAX-PAYERS OF THE CITY OF BURLINGTON, v. THE CHAMBER OF COMMERCE OF THE CITY OF BURLINGTON, INC., THE CITY OF BURLINGTON.

(Filed 22 August, 1952.)

1. Costs § 5—

While ordinarily attorney fees are taxable as costs only when expressly authorized by statute, a court of equity, even without statutory authority, may order an allowance for attorney fees to a litigant who at his own expense has maintained a successful suit creating, preserving, protecting or increasing a common fund or common property.

2. Same: Taxation § 38a—

A suit instituted by a taxpayer to recover moneys illegally expended by a municipality upon refusal of the authorities to act, is basically equitable in nature, and where the taxpayer has successfully prosecuted the suit the court should allow a reasonable fee to his attorney out of the funds actually received by the city as a result of the suit, but no compensation or allowance of any kind may be made to the suing taxpayer for his time or effort.

APPEAL by plaintiff from *Parker, J.,* March-April Term, 1952, of ALAMANCE. Reversed.

Petition in the cause by plaintiff, who prosecuted this action on behalf of the taxpayers of the City of Burlington and recovered for the City certain funds paid by it, without sanction of law, to the defendant Chamber of Commerce, heard below on motion of the plaintiff for an allowance, from the funds collected, to be used in defraying the fees of his attorney.

The City of Burlington donated $2,000 of tax money to the defendant Chamber of Commerce. The City refused to take steps to recover

it. Thereupon the plaintiff instituted this action against the Chamber of Commerce to recover the money and joined the City as a nominal party to accept it. The action was resisted both by the Chamber of Commerce and the City. In the progress of the litigation the case was twice here on appeal. The decisions are reported in 231 N.C. 440, 57 S.E. 2d 789, and 235 N.C. 77, 68 S.E. 2d 660, where the background facts may be found. The latter appeal was from a judgment of the Superior Court decreeing that the tax money paid to the Chamber of Commerce, not being authorized by law, amounted to an illegal use of tax money, and it was decreed that the City recover from the Chamber of Commerce the amount so paid. The judgment was affirmed by this Court.

When the case went back to the Superior Court the plaintiff moved, on petition previously filed, for an award, from the proceeds of the recovery, of "a sum equal to the reasonable value of his attorney's services, to be used in defraying the fees of said attorney." The court was of the opinion that the plaintiff was not entitled to an allowance as a matter of law, and so ruled.

From judgment entered in accordance with the foregoing ruling, the plaintiff appealed, assigning error.

*W. R. Dalton, Jr. for plaintiff, appellant.*

*W. D. Madry, and Young, Young & Gordon for defendant The City of Burlington, appellee.*

JOHNSON, J. The question for decision is this: Can the plaintiff in a taxpayers' action, who has recovered for the benefit of a municipality public moneys unlawfully disbursed and otherwise lost, be awarded from the amount recovered and restored to the municipality a reasonable sum to be used in paying the fees of his attorney, without a statute expressly so providing?

The question here presented seems to be one of first impression with us. We have no statute expressly authorizing the allowance of an award to a plaintiff in a taxpayers' action, from the sum recovered, for the payment of attorney fees, and the precise question has not heretofore been presented to this Court for determination.

However, while ordinarily attorney fees are taxable as costs only when expressly authorized by statute (20 C.J.S., Costs, Sec. 218; G.S. 6-21; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578), nevertheless, the rule is well established that a court of equity, or a court in the exercise of equitable jurisdiction, may in its discretion, and without statutory authorization, order an allowance for attorney fees to a litigant who at his own expense has maintained a successful suit for the preservation,

4—236

protection, or increase of a common fund or of common property, or who has created at his own expense or brought into court a fund which others may share with him. 14 Am. Jur., Costs, Sec. 74.

This doctrine "originated in England in the courts of equity where costs as between solicitor and client were allowed out of the fund to solicitors of a complainant who had at their own expense created, preserved, or protected a fund and others were entitled to claim, and had claimed, in the result of their labor. In America, where no distinction between solicitors and barristers exists, the doctrine is extended to include all fees and expenses reasonably due by the successful litigant to his counsel for the latter's services in creating or preserving the common fund or protecting the common property." 14 Am. Jur., Costs, Sec. 74, p. 47. See also: Annotations, 49 A.L.R. 1149; 107 A.L.R. 751.

This "rule rests upon the ground that where one litigant has borne the burden and expense of the litigation that has inured to the benefit of others as well as to himself, those who have shared in its benefits should contribute to the expense." 14 Am. Jur., Costs, Sec. 74.

Strictly speaking, the doctrine rests, not upon the theory that the allowance is for attorney fees as such or as an element of court costs, but rather upon the principle of approval by the court, in the exercise of its chancery powers, of expenditures reasonably incurred in creating or preserving the fund or property. *Gay v. Davis,* 107 N.C. 269, 12 S.E. 194; *Banking Co. v. Leach,* 169 N.C. 706, 86 S.E. 701; 15 N.C.L.R., p. 333 *et seq.*

The rule has been recognized and applied by this Court in various classes of cases, most common among which are those involving allowances to pay fees for services furnished by attorneys to (1) next friends of infants or others under disability and (2) fiduciaries such as receivers, trustees, and those administering estates of decedents, respecting litigation involving either the creation or protection of the common fund or common property. *Gay v. Davis, supra; Lindsay v. Darden,* 124 N.C. 307, 32 S.E. 678; *Overman v. Lanier,* 157 N.C. 544, 73 S.E. 192; *In re Stone,* 176 N.C. 336, 97 S.E. 216; *Patrick v. Trust Co.,* 216 N.C. 525, 531, 5 S.E. 2d 724.

By what appears to be the decided weight of authority in other jurisdictions, the doctrine of allowance of attorney fees against the property or fund created or protected by attorneys' services extends to and embraces taxpayers' actions like the instant case. These, among other cases, appear to be persuasive and pertinent to decision here: *Shillito v. City of Spartanburg,* 214 S.C. 11, 51 S.E. 2d 95; *Kimble v. Board of Com'rs. of Franklin County,* 32 Ind. App. 377, 66 N.E. 1023; *Fox v. Lantrip,* 169 Ky. 759, 185 S.W. 136; *Council of Village of Bedford v. State ex. rel. Thompson, Hine & Flory,* 123 Ohio St. 413, 175 N.E. 607;

*Regan v. Babcock,* 196 Minn. 243, 264 N.W. 803; *Boyd County v. Cisco,* 237 Ky. 534, 35 S.W. 2d 849. See also: *State ex. rel. Bonner v. Andrews,* 131 Tenn. 554, 175 S.W. 563; *Konig v. Baltimore,* 128 Md. 465, 97 A. 837; *Universal Const. Co. v. Gore,* (Fla.) 51 So. 2d 429; *Pensioners Protective Ass'n. v. Davis,* 112 Colo. 535, 150 P. 2d 974; *Tenney v. City of Miami Beach,* 152 Fla. 126, 11 So. 2d 188; 44 C.J., p. 1440; 64 C.J.S., Municipal Corporations, Sec. 2171.

In *Shillito v. City of Spartanburg, supra,* the plaintiff, on behalf of himself and other taxpayers of the City of Spartanburg, successfully prosecuted an action challenging the constitutional validity of an act of the General Assembly providing for a special annual tax levy on property in the City for the benefit of the City Firemen's Pension Fund. There, by judgment of the lower court, affirmed on appeal, (1) the act was declared invalid, (2) the City was ordered to desist from further levies, and (3) it was further ordered that certain funds already collected from the levy be transferred to the city general fund, "subject only to payment of such attorney's fees as may be allowed the attorney for the plaintiff by the court. . . ." On the question of allowance for fees, it was held on appeal that the trial court, in the exercise of its equitable powers, could allow from the fund a reasonable sum for the taxpayers' attorneys, with this pertinent observation being made by the Court (51 S.E. 2d 95, 100) : "This suit was not instituted by the respondent taxpayer in his individual capacity nor for his private gain, but was brought as a class action on behalf of all the taxpayers of the city of Spartanburg to recover the money collected under the unconstitutional statute of 1946; and the city of Spartanburg was made a defendant as trustee for all of its members. The action is in all respects one in equity. The right of a court of equity to subject a fund so recovered, and under the control of the court, to the reasonable costs of such creation or preservation, is well established. . . ." Then, after analyzing and reviewing a number of supporting decisions from other jurisdictions, *Fishburne, J.,* speaking for the Court, goes on to say (pp. 103 and 104) : "In the case at bar, the respondent taxpayer in seeking counsel fees for his attorney does not base this claimed right upon any contract, express or implied. It is a right which is founded in equity and to be determined upon equitable principles. . . . The city of Spartanburg, acting under unconstitutional statute, collected these funds as *quasi*-trustee for the Firemen's Pension Fund. And this tax money would not be in the city treasury today had it not been for the public spirited course followed by respondent in bringing this taxpayers suit. . . . The fact that this money was not actually received by the Board of Trustees of the Firemen's Pension Fund and by such Board turned over to the custody of the court, is not a differentiating factor insofar as it

affects the source of the recognized power of equity to grant counsel fees. For all practical purposes, this fund was created, protected and preserved for the benefit of the taxpayers of the city of Spartanburg through the medium of the judicial machinery set in motion by the respondent. And reasonable counsel fees should be paid therefrom. It is only fair and right that this payment should be made."

In *Council of Village of Bedford v. State ex rel. Thompson, Hine and Flory, supra,* counsel fees were allowed for the taxpayers' attorney out of funds recovered, representing unauthorized disbursements of the Village. There, the Ohio Court, in affirming the decision below, said (175 N.E. 607, 608): "The action had certain characteristics of an equitable nature, being one brought for the use and benefit of those standing in the position of a *cestui que* trust, and not brought by the taxpayers in their individual capacity, or for their private gain, but rather, as suggested, in the discharge of a trust. It had also certain resemblance to an accounting, covering a number of items and transactions."

In the instant case, the action is basically equitable in nature and involved an examination by the lower court of numerous items of disbursement amounting to an accounting. See record and opinion in second appeal (235 N.C. 77). Also, in support of the proposition that in this jurisdiction a taxpayers' action like this one is considered equitable in nature, see *Waddill v. Masten,* 172 N.C. 582, 586, 90 S.E. 694, and cases there cited.

In *Fox v. Lantrip, supra,* an allowance for the taxpayer's attorney was made from the fund recovered against a county school superintendent for money wrongfully paid to him. We quote from the decision (169 Ky. 759, 766 and 767, 185 S.W. 136, 139):

"In the lower court the appellees moved the court to allow their attorneys, out of the fund recovered, a fee for their services in recovering this money for the county. This motion was overruled. . . . We think the motion should have been sustained, and a reasonable attorney fee allowed. It is very commendable that public-spirited citizens should endeavor to protect the taxpayers of a county from the efforts of an accommodating fiscal court to make unauthorized and unlawful appropriations of the public funds, and to seek to recover the money so illegally disbursed from the persons to whom it was wrongfully paid. And when, as in this case, the public authorities, whose duty it is to bring a suit to recover public funds wrongfully paid out, refuse to do so, and the duty is thus imposed on the citizen in his private capacity, he should be allowed his attorney fees if successful. Citizens should be encouraged to bring suits like this, and when they have succeeded in covering into the county treasury money for the benefit of the people of

the county that would otherwise be lost, it is no more than right and just that they should have these fees. If attorney's fees could not be allowed in cases like this, and a citizen were required to pay out of his own means attorneys' fees expended in collecting, for the benefit of the public, a public fund, there are not many citizens who would care to voluntarily incur this expense. They would rather bear the probably trifling personal loss sustained by the illegal appropriation than subject themselves to the much larger loss that would be incurred in attorney fees.

"We therefore think that when, upon demand, the authorities who should bring a suit like this fail or refuse to do so, and it is brought by private citizens, the court trying the case should, when the suit has been prosecuted to a final conclusion and the fund sought to be recovered has been actually collected, in whole or in part, and paid into the county treasury, make a reasonable allowance to the attorneys and direct the payment of the sum by the fiscal court. But in no case should any allowance be made unless the fund sought to be recovered has been recovered in whole or in part and actually paid into the country treasury, and then the fee allowed should be in proportion to the services rendered, as well as the amount recovered, but in no instance exceed the sum actually collected and paid into the treasury. If no money is recovered or paid into the country treasury, then no allowance should be made for attorney fees."

In the light of the authorities here cited, we conclude that where, as in the present case, on refusal of municipal authorities to act, a taxpayer successfully prosecutes an action to recover, and does actually recover and collect, funds of the municipality which had been expended wrongfully or misapplied, the court has implied power in the exercise of a sound discretion to make a reasonable allowance, from the funds actually recovered, to be used as compensation for the plaintiff taxpayer's attorney fees.

We are not unmindful that the power to make an allowance of counsel fees from a fund brought into court is susceptible of great abuse, and should be exercised with jealous caution, lest thereby the administration of justice be brought into disrepute. Nevertheless, with application of the rule here applied being restricted to cases in which taxpayers not only recover judgment for the wrongfully expended public moneys, but actually collect the moneys so misapplied, and then with the power of award being limited to items of reasonable attorney fees and expenses, so as to exclude compensation or allowance of any kind for the time and effort of the suing taxpayer, thus fixing it so the taxpayer may not capitalize on the suit, we see no real danger of abuse. These safeguards, it would seem, are sufficient to protect the public and responsible governmental agencies against the dangers of vexatious and trifling

litigation.⸱ And when a citizen, at the hazard of having to bear all expenses of the litigation in the event of an adverse decision, successfully prosecutes a taxpayers' action and actually recovers for the public treasury moneys otherwise lost, the beneficiary agency, as trustee for all the rest of the taxpayers, may be required on principles of equity and natural justice to contribute, from the funds collected, the reasonable value of the attorney's services.

For the reasons given, the judgment below is reversed and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

Reversed.