Ruffin, Judge.
 

 — The only question In thio case arises on an exception to the Master’s report, charging ?he Defendant interest. The Defendant is an executor, wbo qualified in 189L Th© Master charges him with
 
 *370
 
 ¡ntei.0f¡t on money received by him, from the day of the ieceM)t> and in like manner gives him credit for interest on his disbursements, in paying debts, and for partial) payment of the legacies, from the day of the disbursements. This is admitted to be generally right, when the executor renders no account, and has been dilatory in returning inventories, and paying the legacies. But it is said, that here the accounts taken by the Master show upon their face, that the Defendant distributed the money received by him amongst the legatees, so soon after it casne to his hands, tijat it is apparent, he could not' have made profit. If we were certain of that fact, the exception would be allowed ; because the profit, made by the trustee is the foundation of the decree for interest against him. When he keeps the fund on hand ready for the legatees, and gives them early notice of it, or pays it upon application, he is not liable for interest. If he pays it.over immediately, the interest being calculated on both sides produces the same result, that would follow the allowance of it on neither. If there be debts falling due, which require the money to be kept on hand to meet them, the executor is not chargeable with interest, For the situation of the estate requires him to keep a fund yielding no profit. But. here the debts were very inconsiderable; and the estate large. If the use-' cutor, as between him anti legatees, expects not to pay interest, it must not appear, that he has made any use, for his private advantage, of any part of the funds of his testator. If he Has, he must be held to a strict interest account for the whole, unless he keeps such accounts, and produces and verifies them before the Master, as will show exactly what profit-, he has made. The fact is within the executor’s own knowledge, and that of no other person. It is true in tisis case, that some of the payments of the legatees were made, so soon after parts of the funds came into his hands, that there was probably a distribution of the very money received, fie loses the
 
 *371
 
 ¡¡í’bTawí; only ou the ll®8 inters ruing between the receipt and payment, as tho Master has credit'd bita with inte» st'st from the time of payment l?«t he ought not to lose that intmot i» hk conduct wats fair, an*! be actually kept the »«oncy on hand. With respect to other Swge ¡¡oary, Ííowi'v.r;’, tbit so not Use fact, tkr the diilim’nco oh the in-teivtjf account is tip's mío oi‘íS/00
 
 ;
 
 whereof theffaintift'
 
 ■JtlargarsPa
 
 part is SU’Í) 23„ No acceont has been rea» od by ike sJeStudaEi feeders the Missies’ j teach less erne fi’oRj wSsie.h the profits wade could be. ascertained, The 31 aster has bec-ss wader the necessity of stating the accessn-a
 
 alt initio.
 
 In such cases, executors must expect in be charged interest, anlcas they positively and miequhoealSy that they kivo usi owd «te Míeme; dse,^selves, nos* leaned ll to ait here, Put
 
 hrnu Ir.r'i \l
 
 o® tend ibi’the necetsssuy mso «silbe steato. 'U'e tvisKiys-U to adopt this) rule, to prevent executors from íalisisg cm» tlae advant-tges
 
 ;
 
 since it
 
 h
 
 íminmiblc to trace the money, atad prove the particular anea utade ofit. by the executor. He can always exonerate himself by keeping fair ac-ccmihís, anil purging himself on his oath. in the present instance, it appears from some of the exhibits, that the Defendant and his agent have applied to their private ase, at times, some portions of the money j and ííse e?aj-c.uuir lias not personally appeared before the Master at all. The exception is therefore disallowed, and the report confirmed,
 

 Per Curiam.
 

 — Lot a decree^ be entered ascot-ding to the report.