S. V. PICKENS, adm'r v. W. D. MILLER and another.

*Contribution—Sureties—Interest, when Administrators chargeable with—Arbitration—Demand.*

1. Where successive bonds are given for the faithful discharge of a trust, all the bonds given during the continuance of the office are cumulative, and the sureties on each bond stand in the relation of co-sureties to the sureties on all the other bonds.

2. Administrators should not be charged with interest on moneys *bona fide* collected and kept for those entitled, unless there be plain proof of misconduct in such collection and custody; but, to exonerate himself from liability for interest, the administrator must exhibit regular accounts, showing a proper disposition of the trust fund.

3. Administrators are chargeable with interest on balances in their hands whenever those balances accumulate beyond the exigencies of administration, unless it appears that the fund has been kept sacred and intact for the *cestuis que trust*, as their property, ready to be delivered to them, so that profits could not have been made thereof.

4. Arbitrators differ from referees, in that, the former are not bound to find the facts separately from their conclusions of law, and are not required to report them.

5. No demand is necessary before bringing action on an administration bond.

(*Bell* v. *Jasper*, 2 Ired. Eq., 597; *Oates* v. *Bryan*, 3 Dev., 451; *Jones* v. *Hays,* 3 Ired. Eq., 502; *Jones* v. *Blanton,* 6 Ired. Eq., 115; *Moore* v.

*Boudinot,* 64 N. C., 190 ; *Hughes* v. *Boone,* 81 N. C., 204; *Hester* v. *Hester,* 3 Ired Eq., 9; *Finch* v. *Ragland,* 2 Dev. Eq., 137 ; *Arnett* v. *Linney,* 1 Dev. Eq., 369 ; *Peyton* v. *Smith,* 2 Dev. & Bat. Eq., 325 ; *Lusk* v. *Clayton,* 70 N. C., 184 ; *Blossom* v. *Van Amringe,* 63 N. C., 65, cited and approved.)

CIVIL ACTION upon an administration bond tried at June Special Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The defendants appealed from the judgment rendered.

*Mr. James H. Merrimon,* for plaintiff.

*Messrs. W. H. Malone, C. M. McLoud* and *W. W. Fuller,* for defendants.

ASHE, J. This is a civil action brought by the plaintiff (relator) against the defendants as sureties upon the admin-istration bond of John D. Hyman, as administrator of W. F. Taylor, deceased.

The complaint substantially alleges that W. F. Taylor died intestate in the county of Henderson ; that on the 10th day of September, 1873, the said Hyman was duly qualified as his administrator, and together with the defendants exe-cuted and delivered to the probate judge of said county his bond in the penal sum of five thousand dollars conditioned for the faithful discharge of his duties as administrator ; that as said administrator he collected a large sum of money belonging to the estate of the intestate, viz: seventeen hun-dred and sixty-five dollars, which he has not applied as the law directs, except the sum of six hundred and sixty dol-lars; that the said Hyman died on the —— day of ———, 1876, and afterwards, viz: on the 13th day of September, 1876; the plaintiff was duly appointed administrator *de bonis non* of the estate of the said W. F. Taylor; and that the sum of about eleven hundred dollars is due by the said de-fendants to the plaintiff as administrator aforesaid by reason

of their suretyship on said bond, no part of which has been paid.

The defendants in their answer deny that Hyman is dead, that he was appointed administrator of Taylor, and that they executed the bond. They deny that the plaintiff was appointed administrator *de bonis non*, or that any such sum of money as that alleged in the complaint, or any other sum, came to the hands of Hyman as administrator, and if it did, that it has been applied as the law directs, and they insist that no demand was made upon them for a settlement before the commencement of the action.

The action was continued until fall term, 1878, when the following order was made by *Avery*, the judge presiding, with the consent of the counsel of both parties, viz: " In this cause, by consent of parties, it is referred to C. M. Pace, and W. W. Jones, Esqrs., with power to choose an umpire, in case they cannot agree, to determine and settle all the matters of controversy between the parties arising in this cause, and their award, or that of a majority of them, to be a rule of court."

At spring term, 1880, of said court, the arbitrators returned their award, in substance as follows: That J. D. Hyman qualified as administrator of W. F. Taylor on the 25th day of February, 1869, and executed his bond in the sum of five thousand dollars for the faithful discharge of the duties of his office, with T. W. Taylor and G. W. McMinn as sureties, and on the 10th day of September, 1873, in compliance with an order of the probate court of said county, he renewed said bond in a like sum, with the defendants W. D. Miller and P. F. Patton as sureties; that said Hyman, as such administrator, received in the course of his administration, the sum of three thousand, four hundred and twenty-five dollars and fifty-seven cents, and disbursed the sum of two thousand and forty-four dollars and ninety-

one cents, leaving a balance in favor of his intestate's estate of one thousand three hundred and eighty dollars and sixty-six cents on the 5th of April, 1875; that Hyman, as administrator, never rendered any final account of his administration.

They further find that J. D. Hyman died on the — day of ——, 1876, and that the plaintiff, S. V. Pickens, qualified as administrator *de bonis non*, on his estate, on the 13th day of September, 1876; that they allowed J. D. Hyman as administrator two and a-half per cent. commissions upon all receipts and disbursements which are shown in an exhibit marked "A" accompanying the report; and as conclusions of law that the first and second bonds herein mentioned are cumulative, and that the defendants are responsible for the balance herein reported as a *devastavit* of said estate. Exhibit "A" referred to in the report, is an account stated by the arbitrators showing the receipts and disbursements of said Hyman as administrator, running from July the 1st, 1869, to April the 5th, 1875, with interest on both sides of the account, leaving on that day a balance unadministered of thirteen hundred and eighty dollars and sixty-six cents.

The defendants except to the report or award of the arbitrators:

*First.* Because the arbitrators held as matter of law that the two bonds given by Hyman in 1869 and 1873 were cumulative, contending that they were only liable for the breaches committed after they became sureties in 1873.

*Secondly.* Because the arbitrators have charged them with interest on each item of money received by their principal, from the time it was received, whereas they could only be held liable for such interest after demand made.

*Thirdly.* Because the said arbitrators have charged interest on the balance due April the 5th, 1875, without assigning any reason for so doing.

*Fourthly.* Because the arbitrators have failed to report the

evidence upon which they base their findings, so that the court might see whether the conclusions reached by them were warranted by the evidence upon which they acted.

*Fifthly.* Because they have failed to find whether any demand was made by the plaintiff upon the defendant before action brought, or to report any evidence as to such demand.

*Sixthly.* Because the award is otherwise defective, insufficient, vague, indefinite and erroneous.

At the special June term, 1880, of the said court, all of the exceptions to the award were overruled ; the award was in all things confirmed and judgment rendered thereon in behalf of the plaintiff, and with an allowance of twenty-five dollars to each of the arbitrators, to be taxed in the bill of costs. From which judgment the defendants appealed to this court.

We will consider the several exceptions to the award *seriatim* in the order in which they were taken.

The first exception to the legal conclusion of the arbitrators, that the two bonds given by Hyman, as administrator, were cumulative, cannot be sustained. It is well settled that where successive bonds are given for the faithful discharge of a trust, all the bonds given during the continuance of the office are cumulative, and the sureties on each bond stand in the relation of co-sureties to the sureties on all the other bonds. The second bond is an additional and cumulative security for the faithful discharge of the duties of the administrator, and is retrospective as to pre-existing and continuous breaches. *Bell* v. *Jasper*, 2 Ired. Eq., 597 ; *Oates* v. *Bryan*, 3 Dev., 451 ; *Jones* v. *Hayes*, 3 Ired. Eq., 502 ; *Jones* v. *Blanton*, 6 Ired. Eq., 415 ; *Moore* v. *Boudinot*, 64 N. C., 190 ; *Hughes* v. *Boone*, 81 N. C., 204.

The second exception is untenable. An administrator should not be charged with interest on moneys *bona fide* collected and kept for those entitled, unless there be plain proof of misconduct in such collection and custody. *Hester* v.

*Hester*, 3 Ired. Eq. 9. But there is no pretence that the large balance which came to the hands of Hyman as administrator, was kept by him for the purpose of paying debts, or for distribution. He had been acting as administrator for more than seven years, when he died in 1876. The last item in the account of his administration stated by the arbitrators with which he is debited, is in the year 1872, four years before his death. He neither made annual returns, nor filed a final account. Nor does it appear that he kept any account of his administration, and, in the case of *Finch* v. *Ragland*, 2 Dev. Eq., 137, the court held, " if an executor will not keep accounts to show when he did receive the money and how much, there are but two things the court can do—one is to charge him interest at the risk of making him pay it while the money lies by him ; the other is to let him keep the interest actually received by him as his own, and use the testator's money for his own, purposes ; and that there may be no evidence of the amount of interest collected, or of the amount of principal used by him, encourage him not to keep accounts, or full and true ones. Which of these principles ought to govern, it is not necessary to say." And when an administrator has used a trust fund for his own advantage, of which there is a very strong presumption in this case, from the length of time it was held by him, he should be held to a strict interest account. *Arnett* v. *Linney*, 1 Dev. Eq. 369; *McNeill* v. *Hodges*, decided at this term, *ante*, 504.

As to the third exception : The defendants were properly charged with interest on the balance found due on the 5th of April, 1875, because that is the date of the last credit in the account, and " administrators are chargeable with interest on balances in their hands, whenever those balances accumulate beyond the exigencies of administration, unless it appears the fund has been kept *sacred and intact for the cestuis que trust*, as their property ready to be delivered to

them, so that profit could not have been made thereof. *Peyton* v. *Smith*, 2 Dev. & Bat. Eq., 325..

The fourth exception is founded upon a misconception of the nature of the reference.    It was a submission to arbitration, and not a reference under the Code of Civil Procedure, and arbitrators are not bound to find the facts separately from their conclusions of law, and are not required to report them.    *Lusk* v. *Clayton*, 70 N. C., 184; *Blossom* v. *Van-Amringe*, 63 N. C., 65.

There is nothing in the fifth exception.    No demand is necessary to be made before bringing an action on an administration bond.

And as to the sixth and last exception, we are unable to see in what particular the award is obnoxious to either of the objections set forth therein.

We hold that His Honor committed no error in overruling the exceptions and giving judgment according to the award.    The judgment of the court below is therefore affirmed.

No error.                .                •                        Affirmed.