J. A. EVANS, Adm'r, v. THOMAS M. SMITH, Ex'r.

*Executors and Administrators—Accounting of.*

1. In an account and settlement of a decedent's estate, the personal representative is chargeable with interest on all moneys from the date of his receiving the same.

2. Where an executor in 1862 was required by a legatee to collect and pay over the legacy, and confederate money was collected and set apart for that purpose, and an account of the administration taken and reported in 1864 when the legatee refused to accept the funds tendered; *Held,* that the loss should not fall upon the executor, but a credit for the amount be allowed him.

3. Where an inventory of a testator's estate specified a certain note as a part thereof, the duty of showing that it was used in an alleged transaction to pay a debt of the estate thereby removing his liability to account for the same, rests upon the executor; without such explanation, he will be charged with it as assets of the testator.

4. In such account it is not error for a referee to separate and classify debits and credits in different kinds of currency according to their respective dates, when he is not informed as to date of actual payments; and where there is no evidence as to bank notes the presumption is they were used in administering the estate before any depreciation.

5. The motion to dismiss this proceeding for the reasons assigned was properly overruled.

(*Pickens* v. *Miller,* 83 N. C., 543; *McNeill* v. *Hodges, Ib.,* 504, cited and approved.)

SPECIAL PROCEEDING for an account and settlement commenced in the probate court and heard upon exceptions to referee's report at Fall Term, 1879, of COLUMBUS Superior Court, before *Seymour, J.*

Upon the hearing of the case, the court overruled the exceptions and the defendant appealed.

*Mr. A. T. London,* for plaintiff.
*Mr. T. H. Sutton,* for defendant.

SMITH, C. J.   Bythel Rouse died in the year 1859, leaving a will in which he bequeathed his entire estate, subject to the payment of debts, to Betsy Sellers, who afterwards became the wife of the defendant, and died intestate; and this action, instituted March 17th, 1875, in the probate court of Columbus county, against the defendant, the executor, is for an account and settlement of the testator's personal estate in his hands, and for the recovery of said legacy. The defendant moved, upon several grounds, to dismiss the proceedings, and, his motion being denied, put in his answer, and set up various defences, to-wit:

1. The want of jurisdiction in the probate court.

2. The bar of the statute of limitations.

3. The auditing of the administration account by the county court in the year 1864.

4. A prior adjudication in other similar suits of the subject matter of the action; and

5. The conversion of the estate into confederate money at the instance of the legatee and her husband, and their subsequent refusal to receive it, whereby it had been lost, and the defendant absolved from liability therefor.

Upon the coming in of the answer and the refusal of the court to dismiss for the matters therein set out, the defendant appealed to the judge of the superior court, who on the hearing sustained the judgment of the probate court and ordered a reference to the clerk to take and state the account of the defendant's administration of his testator's estate.   The clerk made his report at fall term 1876, where without further action it remained until spring term 1878, when it was recommitted with instructions to the referee to state the account in detail, distinguishing between the receipts and disbursements in confederate and other currency, and report the evidence in reference thereto.   At the ensuing term the referee again reported the account with the evidence accompanying it, showing to be due from the

defendant with interest computed to September 23d, 1878, in confederate money $720.97, and in other currency $2,929.05.

Many exceptions were taken by the defendant's counsel from the judgment overruling which he appeals to this court. These exceptions will be considered and disposed of in the order in which they are enumerated in the record :

1. The defendant is charged with interest on all the moneys received, from the respective dates of each.

The exception is overruled upon the authority of the cases of *Pickens* v. *Miller*, 83 N. C., 543 ; and *McNeill* v. *Hodges*, *Ib.*, 504.

2. Interest is erroneously charged upon the confederate money offered to the legatee and her husband in 1864, and refused, from which time it should cease.

This exception is dependent upon another, in regard to the allowance of the principal sum as a credit, and will be considered in connection with that.

3, 4 and 5. These exceptions relate to interest and fall within the principle applied to the first exception.

6. The referee, while he charges the defendant with all funds coming into his possession, disallows a credit for the sum of $1722, the balance ascertained to be due in the audited account, and which, collected by the direction of the legatee, with her husband's assent, he, as her administrator, when the same was tendered in February, 1864, refused to receive towards the legacy.

While the testimony is conflicting, the weight of it is to the effect that while the defendant was not disposed to reduce solvent securities into a depreciating confederate currency, he was required by the legatee with the privity, if not the approval of her husband, in 1862, to collect and pay over the legacy ; and that he proceeded to do so, and was prepared with the funds to pay over the sum found by the auditors to be due, as soon as they made their report in

February, 1864, and that the plaintiff refused to accept the money. The defendant swears to these facts. The plaintiff admits the offer of settlement and his declining it, because of his duties in the military service. Another witness who was present, testifies to the defendant's proposal to settle with the plaintiff, at that interview, and to his having money, and that the defendant refused to take it, saying he would take gold and silver, or the new issue of confederate treasury notes. The defendant explains his delay until early in 1864 in offering to settle, by saying that the debts due the testator were not collected, nor were all his liabilities discharged until about that time. The defendant further testifies that he labelled a package containing $2000 in confederate notes, with the name of "Evans," a large portion of which was paid him as executor, and belonged to the trust fund, which was set apart for the payment of the legacy, and laid with (but not intermixed) the moneys of others. It does not appear that the defendant demanded the acceptance of the sum which he then supposed he was owing in full satisfaction of the legacy or that it was refused on that ground. The evidence is, that the defendant then proposed to have a settlement, and had reserved and held the sum stated to pay over to the administrator of the legatee. Under these circumstances, the loss of this money ought not to fall upon the defendant, and he should be allowed a credit therefor with interest to the time to which the referee's computations are made. This, and exception 2 are therefore sustained, and the ruling of His Honor reversed.

7, 8 and 9. These exceptions all relate to the charge of the note of one Batten for $400, the objections to which are presented in different aspects, and may be considered together.

The note is specified in the inventory as part of the testator's estate, and the removal of the defendant's liability to account for it rests upon himself. With presumed full

knowledge of all matters in exoneration, he makes no explanation in his testimony. A witness examined in reference to the note says that himself and the testator were co-sureties for one " Owen in the sum of $800, given in purchase of a lot, and, fearing loss, they took and sold the land for that sum to Batten, who executed two sets of notes to them, for one moiety of the purchase money to each. It does not appear that the testator, or his executor, paid any part of the surety debt, or that the Batten notes were applied to its discharge. Unless they have been so used, and the settlement made outside of the administration account, they constitute a part of the testator's estate. If the notes were delivered to the holder of the Owen note in payment, the defendant is not chargeable with them. The duty of showing the facts necessary to the defendant's relief, devolved upon him, as being within his knowledge, and in the absence of explanation, they are properly treated by the referee as assets of the testator, for which he is liable.

10. The referee separates the funds received and paid out as required by the order without evidence, except as to the receipts in bank notes.

The referee, for want of information of the dates of actual payments, has classified the claims according to their several dates, and such debts as existed before confederate notes came into use, and were therefore payable in other currency. As the plaintiff fails to show when and in what money they were collected in part, he properly charges the executor with the money in which they ought to have been paid. The exception is untenable.

11. There being no evidence as to the value of bank notes, they ought not to be charged as good money and at their face value. Two witnesses, J. J. High and A. J. Noy, testify to payments made to the defendant by them in bank bills, and in both cases the transaction took place before the war. What disposition of the notes was made by them does

not appear, and they are not produced.   It must therefore be assumed they were used before any depreciation, and the defendant must be held responsible accordingly.

12. This exception is too vague and indefinite to be considered.

13. The referee improperly charges the executor with the balance due from him, in good, instead of confederate currency.   The balance in the latter currency will be extinguished by the allowance of the item of $1722, in exception 6, and no further answer is required to meet the objection as to the other balance due.

14. This exception is but a repetition of the 10th exception, and needs no further remark.

The motion to dismiss for any of the reasons assigned, was properly refused.

The account will be referred to the clerk for reformation in conformity with our rulings, unless the parties themselves agree upon the corrections, and upon the confirmation of his report, the plaintiff will be entitled to judgment.

Error.                                          Judgment modified.