S. E. MIDGETT v. C. S. VANN, FISH COMMISSIONER.

(Filed 21 February, 1912.)

1. Appeal and Error — Decisions — Taxing Costs — Trial Court — Powers.

A judgment in the Supreme Court dismissing an appeal for the failure of appellant to print the record and taxing him with cost, is final, without authority in the lower court to permit him to recover them.

2. Injunction—Damages—Attending Hearings—Personal Expenses.

Damages recoverable against the sureties on an injunction bond are such only as may be sustained by the party enjoined by reason of the injunction (Revisal, sec. 817), which does not include the personal expenses in attending the hearing; and this applies to the fish commissioner's attendance at the hearing of an injunction against his removing private nets from certain waters, in which action a judgment of nonsuit was finally taken.

3. Injunction—Damages—Evidence—Recovery.

When there is no evidence of any damages sustained by reason of an injunction, none are recoverable; and in this action there are no damages shown by reason of an injunction against the fish commissioner removing private nets from certain waters.

4. Costs—Attorneys' Fees.

Attorneys' fees are not recoverable by successful litigants in this State, as such are not regarded as a part of the court costs.

APPEAL from *Cline, J.,* at Fall Term, 1911, of DARE.

Motion for judgment for damages against sureties on injunction bond, heard upon exception to report of referee. His Honor overruled all the exceptions and confirmed the report. Both parties appealed.

PLAINTIFF'S APPEAL.

*B. G. Crisp and E. F. Aydlett for plaintiff.*
*J. C. B. Ehringhaus for defendant.*

BROWN, J. There were seven actions brought in the Superior Court of Dare County against Thomas S. Meekins, former fish commissioner, to enjoin him from removing certain fish nets from the waters in which they were set, upon the ground that they were not set within prohibited territory. The present de-

fendant, C. S. Vann, succeeded Meekins as fish commissioner and took his place as defendant in said actions. The cases were considered together and heard by his Honor, *Judge Justice,* who continued the restraining order to the hearing. Defendant Vann appealed. This appeal was dismissed at August Term, 1911, for failure upon part of defendant, appellant, to have the record printed, as required by the rule of this Court, and the judgment of the Supreme Court required defendant to pay costs of appeal.

At May Term, 1911, of the Superior Court plaintiffs submitted to a judgment of nonsuit.

There was a motion for judgment for damages, which was heard by a referee, whose judgment was affirmed by the Superior Court. The defendant claims damages as shown by the report:

1. For $6.35, cost in the Supreme Court, and which was adjudged against the defendant by this Court at August Term, 1911.

2. For $12.50, expenses of the fish commissioner in attending the hearing of the cases.

3. Two hundred dollars attorney fees in the cases.

There were seven of these actions brought, and it was agreed that all should abide the decision of one case.

The referee held:

1. That the defendant was entitled to recover back the $6.35 cost.

2. That the defendant is entitled to recover the $12.50 personal expenses of the defendant in attending the hearings.

The court overruled both exceptions and gave judgment against plaintiffs. Plaintiff excepted.

The referee refused to allow defendant attorney fees. Defendant excepted. Court overruled defendant's exceptions.

1. The ruling of the court that the defendant is entitled to recover back the costs taxed against the defendant by the judgment of the Supreme Court is erroneous. That judgment was final, and could only be corrected or reversed by this Court. To permit defendant to recover back costs of his dismissed appeal would in effect nullify the judgment of this Court.

158—9

2. The defendant is not entitled to recover the sum paid as personal expenses in attending the hearing upon the injunction before *Judge Justice.* A party to an action is not entitled to recover his personal expenses in attending court. *Hyman v. Devereux,* 65 N. C., 589. The only damages recoverable upon an injunction bond given in pursuance of our statute, Revisal, 817, are such damages as may be sustained by the party enjoined by reason of the injunction. *Hyman v. Devereux, supra.*

There is no evidence that defendant Vann has sustained any damages because he was not allowed to remove plaintiff's nets from the disputed waters, and, therefore, he can recover nothing upon the injunction bond.

Upon plaintiff's appeal his Honor's rulings confirming report of referee are

Reversed.

The defendant assigns error because the court below sustained the ruling of the referee refusing to allow counsel fees to defendant.

Attorneys' fees are not recoverable as costs or damages in cases like this in our State. Formerly a tax fee of $5 and in some cases $10 in the Superior Court, and $15 in this Court, were taxable as costs in favor of the successful party. But they were abolished by statute in 1871. In many States attorneys' fees are allowed to the successful litigant, but it is not so in this State and some others, nor in the Federal courts. *Ry Co. v. Elliott,* 184 U. S., 530; *Hyman v. Devereux, supra; Stringfield v. Hirsh,* 94 Tenn., 425. The opinion in this latter case is an elaborate discussion of the subject and gives the States where attorneys' fees are recoverable and those where they are not, placing North Carolina in the last-named class. See, also, *Donlan v. Trust Co.,* 139 N. C., 212.

The judgment on defendant's appeal is

Affirmed.