THEODORE A. LIGHTNER, CLARENCE M. LIGHTNER, ALICE LIGHT-
  NER, HOPF, AND MARTHA LIGHTNER BOONE v. DANIEL F. BOONE,
  EXECUTOR AND TRUSTEE OF THE ESTATE OF FRANCES M. LIGHTNER,
  DECEASED,

and

THEODORE A. LIGHTNER, CLARENCE M. LIGHTNER, ALICE LIGHT-
  NER, HOPF, AND MARTHA LIGHTNER BOONE v. DANIEL F. BOONE,
  EXECUTOR AND TRUSTEE OF THE ESTATE OF CLARENCE A. LIGHTNER,
  DECEASED.

(Filed 16 December. 1942.)

LIGHTNER v. BOONE.

**1. Executors and Administrators § 30d—**

As a general rule personal liability of an executor or administrator to distributees for interest, where there has been delay in closing the estate, depends entirely upon whether the delay was reasonable or unreasonable under all the circumstances, the personal representative being free from liability where the delay was reasonable and chargeable with interest where the delay was unreasonable.

**2. Executors and Administrators §§ 29, 30d: Trusts § 12—**

Where one in a fiduciary capacity uses the trust funds for his own advantage and never accounts therefor until compelled to do. so, he is liable for interest on the funds so used. An executor and trustee is liable for interest on amounts paid himself as attorney's fees.

**3. Executors and Administrators § 29: Trusts § 12—**

When in an *in rem* proceeding such items of costs as referee's allowances and stenographic reporter's bills are taxed in the discretion of the court against the fund in litigation, C. S., 1244 (6), they may not be retaxed by subsequent order.

APPEAL by defendant from *Clement, J.*, at August-September Term, 1942, of POLK. Modified and affirmed.

Civil action for an accounting.

This case was here on former appeal at the Spring Term, 1942. *Lightner v. Boone*, 221 N. C., 78. After the opinion on the former appeal was certified down plaintiffs moved for judgment in accord therewith. They likewise moved for correction of certain errors in the calculations contained in the referee's report and for interest on the amount adjudged to be due from the date of the institution of this action, to wit: 29 October, 1940.

Thereupon, after the parties had been given opportunity to be heard, judgment was entered for $15,070.84 (the amount due after correction of errors), and for interest thereon from 29 October, 1940. The costs were taxed against the defendant individually, as directed by this Court. The judgment specifically directed that certain items be taxed as a part of the costs. These included, among others: (1) referee's fee of $250.00; (2) charges of stenographic reporter at referee's hearing, $132.24, and balance of $12.50; (3) receiver's fee and expenses, including cost of bond, total $336.83; (4) stenographer's charges for typing record proper, case on appeal to Supreme Court, $34.35; and (5) notary's charge for taking depositions, $16.74.

The defendants excepted and appealed, assigning as error the allowance of interest and taxation of the named items of cost.

*McCown & Arledge for plaintiffs, appellees.*
*Williams & Cocke for defendant, appellant.*

BARNHILL, J.   The defendant, in his brief, abandons his exceptions to the taxation of receiver's commissions and expenses and charges of the stenographer for copying record proper on appeal as a part of the costs. Hence, the appeal presents these questions for decision: (1) are the plaintiffs entitled to interest from the date of the institution of this action on the amount recovered, or any part thereof; (2) were the allowances to the referee and to the stenographer reporting the referee's hearings properly taxed against the defendant; (3) is the amount allowed the notary for taking depositions a proper part of the costs?

Judgment for interest, except as herein noted, was erroneous.

In the absence of unreasonable delay, diversion of funds, or other wrongdoing, an executor or administrator is not personally liable for interest. *Walton v. Avery,* 22 N. C., 405; *Pickens v. Miller,* 83 N. C., 543, and cases cited; *Clark v. Knox,* 70 Ala., 607, 45 Am. Reports, 93; Anno., 31 L. R. A. (N.S.), 351.

"It may be stated as a general rule that the personal liability of an executor or administrator to the distributees of his estate for interest where there has been delay in the closing up and settlement of the estate depends entirely upon the question whether the delay was reasonable or unreasonable under all of the circumstances of the particular case, he being free from personal liability for interest where the delay was reasonable, and chargeable with interest where the delay was unreasonable." *Clark v. Knox, supra.*

The plaintiffs pray interest only from and after the date the action was instituted. Hence, defendant's conduct since that time is the proper criterion.

Upon the institution of this action a temporary receiver was appointed and the funds belonging to the estate were delivered to him. When the motion to make the temporary receivership permanent came on for hearing the temporary receiver was discharged and the court directed that, upon the filing of a proper bond by defendant, the balance of said funds remaining after disbursements ordered by the court should be returned to him. Since that time he has been guilty of no conduct such as would charge him with interest on the amount thus received.

It was not improper for him to decline to settle until after final judgment on the opinion certified by this Court. In fact, it affirmatively appears that it was necessary for the court below to correct errors of calculation before the true amount could be adjudged. Furthermore, the referee allowed no interest and plaintiff did not except. The judgment was for the amount due as reported by the referee and plaintiffs, on their appeal, did not assign this as error. Their motion, made many months after judgment was entered, comes too late.

As to the $6,000 withdrawn by the executor from the estate as payment on an attorney fee for himself, the facts are quite different. He did not

account to the receiver for this amount. It was not allowed by the referee or adjudged to be due by the court below. Judgment therefor was directed by this Court and the plaintiffs, at the first opportunity thereafter, asserted their claim to interest. This was in apt time.

In our opinion defendant is clearly liable personally for interest on this amount, at least from and after the date prayed, to wit: 29 October, 1940. This sum was withdrawn from the trust estate by defendant and applied to his own use. To this extent the estate has not been "kept sacred and intact for the *cestuis que trustent* as their property, ready to be delivered to them so that profit could not have been made thereon." *Peyton v. Smith,* 22 N. C., 325; *Pickens v. Miller, supra.* Instead, he has used trust funds for his own advantage and never accounted therefor until compelled to do so. *Arnett v. Linney,* 16 N. C., 369; *Pickens v. Miller, supra; Overman v. Lanier,* 157 N. C., 544, 73 S. E., 192; 30 Am. Jur., 18, sec. 21; Anno., 31 L. R. A. (N.S.), 362; *McIntire v. McIntire,* 192 U. S., 116, 48 L. Ed., 369.

The stenographer who reported the referee hearings filed a bill therefor in the sum of $132.24. Gwyn, J., approved the bill and ordered that it be paid by the executor. Phillips, J., entered an order fixing the compensation of the referee at $250.00 and directing that it be paid out of the estates involved. Were these items thus taxed against the estates? If so, the court below was without authority to reverse and tax against the defendant.

We are of the opinion that it should be so held. These items were taxable in the discretion of the court. C. S., 1244 (6). They are not necessarily taxed against the losing party. *Bailey v. Hayman, ante,* 58.

Ordinarily, in litigation over a fund in the nature of an *in rem* proceedings such items of cost are taxed against and paid out of the fund. Except for the maladministration of defendant that would have been the procedure here as a matter of course. That this was the intent and purpose of the orders entered sufficiently appears.

The item of $12.50, balance due the stenographer, was not included in either of these orders. This amount was properly taxed against the defendant.

The fees allowed a notary public for taking necessary depositions constitutes a part of the cost of the case. Exception thereto cannot be sustained.

In justice to the court below it may be said that the opinion in this Court was followed literally. There was nothing in the opinion to indicate that we did not intend to reverse former discretionary orders taxing particular items of costs.

The judgment below must be modified in accord with this opinion.

Modified and affirmed.