JACK RIDER, RACHEL D. DAVIS AND BRAXTON NEWMAN, RESIDENTS AND TAXPAYERS OF LENOIR COUNTY, IN THEIR OWN INTEREST AND IN THE INTEREST OF ALL OTHER RESIDENTS AND TAXPAYERS OF LENOIR COUNTY WHO MAY MAKE THEMSELVES PARTIES TO THIS ACTION, v. LENOIR COUNTY; B. C. LANGSTON, W. L. MEASLEY, MARK N. SMITH, HARRY SUTTON AND IKE WHITFIELD, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF LENOIR COUNTY, THE LAST NAMED BEING CHAIRMAN OF SAID BOARD OF COUNTY COMMISSIONERS.

(Filed 25 November, 1953.)

**1. Injunctions § 12—Defendant restrained from doing act in manner it intended to pursue, cannot recover on injunction bond.**

Where, in a suit to enjoin the issuance of county bonds and to restrain the disbursement of county funds, it is held that the bond election was valid but that the proposed expenditure of a large amount for the project in excess of the amount stipulated in the bond order should not be allowed because contrary to representations contained in the bond order and because it would materially vary the project as approved by the voters and thus would constitute a breach of faith with the electorate of the county, and the temporary order is continued in effect to prevent further action except in accordance with the decision, *held* the original restraining order is not wrongful nor unlawful and defendants are not entitled to recover any amounts of plaintiffs or their surety on the injunction bond.

**2. Costs § 5—**

Ordinarily, attorneys' fees are not recoverable as a part of the costs except in the types of action enumerated by G.S. 6-21.

**3. Same: Taxation § 38a—Taxpayers may not recover attorney fees in their suit against county when no money is restored to public treasury.**

Where taxpayers are successful in their suit against a county to the extent of enjoining the expenditure of nontax funds by the county in addition to the amount stipulated in the bond order for the proposed project, but the entire proposed expenditure is for a public purpose and it appears that no part of the nontax funds had been expended and therefore no sum had been restored to the general fund of the county, *held*, while the costs of the action should be taxed against the county, plaintiffs are not entitled to recover expense money to the extent of reasonable attorneys' fees. This result is not affected by the fact that the delay caused by the suit enabled the county to let a new contract which effects a saving in the construction of the project.

APPEAL by defendants from *Nimocks, J.,* second February Term, 1953, LENOIR. Judgment signed at Fayetteville, N. C., 4 April 1953, *nunc pro tunc.*

Civil action to enjoin the issuance of hospital bonds and to restrain the disbursement of county funds.

This case was here on former appeal. *Rider v. Lenoir County,* 236 N.C. 620, 73 S.E. 2d 913. The essential facts relating to the primary matters at issue are there stated.

Upon the certification of the opinion filed on that appeal, plaintiffs appeared and moved the court that they be allowed a reasonable sum as expense money, especially expense incurred in employing counsel to prosecute this action, to be paid by defendant County out of the funds preserved to the taxpayers by this action. At the same term, defendants filed a motion for the assessment of damages against plaintiffs and their surety upon their injunction bond and for the appointment of a referee to hear the evidence and determine the amount of damages sustained.

These motions came on for hearing at the first February Term which convened 16 February 1953, and the hearing was continued to the second February Term which convened 23 February 1953. When the cause came on to be heard at the second February Term, it was agreed that the motions should be continued, to be heard in chambers at Fayetteville, 4 April 1953, at which time the court would rule on the motions made and sign the final judgment on the opinion certified from this Court.

When the cause came on to be heard in Fayetteville, the defendants tendered a proposed judgment in accord with their interpretation of the opinion of this Court. They also tendered an order reciting certain facts and adjudging that defendants are entitled to damages sustained by reason of the injunction wrongfully issued herein and ordering a reference on the question of damages. Refusal of the court to sign these orders is noted at the foot thereof, but no exception to the orders of refusal is made to appear.

The court having declined to sign the judgment tendered by defendants, entered judgment in accord with the opinion certified from this Court. The court therein found certain facts relating to the motions made which may be summerized as follows: (1) That because of the delay involved in this litigation, the County has been able to award a contract to provide the hospital facilities which saves the taxpayers of the County $133,-286.20. (2) Plaintiffs, through this action, restored to the County $138,713.80 of the public funds and thus preserved and protected the taxpayers against the illegal expenditure thereof. (3) Plaintiffs, exclusive of attorney fees, have expended approximately $3,750 in the prosecution of this action. It concluded that in keeping with equitable principles, plaintiffs are entitled to have the County of Lenoir relieve them of the expenses of this litigation, to the extent of a reasonable amount, as compensation to the attorneys employed by plaintiffs, and that $4,500 constitutes a reasonable compensation to be paid said attorneys. It thereupon ordered that the defendant County "pay unto the plaintiffs for compensation to their attorneys employed in this case the sum of $4,500.00 from the amount of $138,713.80 which the defendants had invalidly appropriated and had invalidly contracted to expend." Costs were taxed against defendants.

The court also included in its decree a finding that the plaintiffs and their surety are not liable to defendants in any amount on the injunction bond herein filed and ordered that plaintiffs and their surety be discharged.

To the orders entered defendants excepted and appealed.

*R. S. Langley, Matt H. Allen, and John G. Dawson for plaintiff appellees.*

*Chas. B. Aycock, R. W. Whitaker, and Thos. J. White for defendant appellants.*

BARNHILL, J. Plaintiffs first filed an injunction bond in the sum of $200. Thereafter, in compliance with an order of the court, they filed bond in the sum of $15,000, with the National Surety Corporation as surety. This constituted a novation and served to discharge the original bond. So then, the first question posed for decision is this: Are the plaintiffs and their surety, the National Surety Corporation, liable in any amount to defendants by reason of the wrongful issuance of the temporary restraining order herein? We must answer in the negative.

It is true the plaintiffs, in seeking to prevent the execution of the proposed plan for providing additional hospital facilities, attacked the bond election and we held that the election was in all respects valid. Even so, the real objective of the action was to prevent the expenditure of $138,-713.80 of County funds in furtherance of the hospital facilities project, in addition to the $465,000 the voters had been advised would be expended. We reversed the order vacating the restraining order. Thus the restraining order is still in full force and effect.

In this connection, the defendants have either overlooked or misconstrued the language used in the closing paragraph of our former opinion. We gave defendants an opportunity to elect to "(1) consider the feasibility of conforming the proposed project to the limits authorized by the voters, or (2) submit another or other proposals to the voters." We directed, however, that "Meanwhile, the temporary restraining order will be deemed and treated as in force and effect to the extent of staying disbursement of funds in furtherance of the proposed hospital enlargement project and preventing further action on the part of the defendants in furtherance of the construction project, except in conformity with this opinion." Thus we, in effect, made permanent the order restraining the defendants from any further action in furtherance of the original construction project. *Rider v. Lenoir County,* 236 N.C. 620, 73 S.E. 2d 113. In no sense was the original restraining order wrongful or unlawful. A correct interpretation of our opinion discloses that we so held. Therefore, defendants are not now in position to insist that they are entitled to

recover any amount of plaintiffs and their surety upon their injunction bond.

Plaintiffs make the somewhat novel contention that they should receive credit for the saving in the cost of construction arising out of the delay occasioned by this lawsuit. They say that during this delay economic conditions changed to the extent the defendant County was able to effect a saving of $133,286.20 when it relet the contract in accord with the opinion of this Court. They also assert—and the court below found as a fact—that the plaintiffs, by this action, have "restored" to the general fund $138,713.80, thus effecting a total saving to the taxpayers of the County of a total of $272,000. They do not seek to participate in this saving. They only request that they be allowed therefrom a sufficient amount to pay the attorneys employed by them.

The court below made an allowance of expense money, as requested by plaintiffs, to which the defendants excepted. Their assignment of error based on this exception raises this second question for decision: Are the plaintiffs entitled to an allowance out of the $138,713.80, the defendants proposed to expend on the original project, as expense money to be used to pay counsel employed to prosecute this action? This question must likewise be answered in the negative.

Counsel fees in favor of the successful litigant to be taxed as a part of the costs were abolished in this State in 1879. *Midgett v. Vann,* 158 N.C. 128, 73 S.E. 801; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578. Our present statute, G.S. 6-21, by implication, authorizes attorney fees in certain enumerated actions to be taxed as a part of the costs, to be paid out of the fund which is the subject matter of the action. Cases such as this are not included.

Where the proceeding is essentially *in rem* and the services inure to the benefit of those who have an interest in the property and the property is recovered or preserved by the action or proceeding, expense money is oftentimes allowed. Likewise, such allowance is made in certain equity cases prosecuted in behalf of a class, when the successful prosecution of the cause inures to the benefit of the members of the class. *Mordecai v. Devereux,* 74 N.C. 673; *Lightner v. Boone,* 222 N.C. 421, 23 S.E. 2d 313; Anno. 49 A.L.R. 1149, 107 A.L.R. 751.

But we are interested here only in the rule which applies when a taxpayer successfully prosecutes an action on behalf of all the taxpayers of a subordinate governmental unit to protect, preserve, or recover a fund belonging to the governmental unit. This subject is fully discussed by *Johnson, J.,* speaking for the Court, in *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21. For us now to review and reiterate what is there said would be a work of supererogation. We need only call attention to the rule there stated which prevails in this State in respect to the

allowance of expense money to cover the fees of counsel in an action instituted by a taxpayer or group of taxpayers for the benefit of all the taxpayers within the bounds of the municipality.

The rule as there stated comes to this: When, in an action instituted by a taxpayer to recover a fund which has been unlawfully or wrongfully expended by a municipality, it is made to appear that (1) the fund was in fact wrongfully expended, (2) the governing board of the municipality refused, on demand, to institute an action to recover the same, (3) as a result of which the taxpayer instituted his action to recover for the benefit of the citizens of the municipality, and (4) obtained judgment (5) which has been paid, in whole or in part, and the fund is thus restored to the public treasury, the court may allow plaintiff expense money to the extent of reasonable attorney fees, to be paid out of the fund so recovered.

In that case (*Horner v. Chamber of Commerce, supra*) this Court expressly limited the application of the rule to cases in which all these facts —especially the fact the money had been actually restored—are made to appear. *Fox v. Lantrip,* 185 S.W. 136; *Trust Co. v. Schneider, supra.*

The facts stated in the petition for an allowance of expense money in this case fail to meet the test prescribed by that rule. The defendant had the fund here involved in its general fund account when the bond order was adopted; the fund has never been expended; the proposed expenditure was for a public purpose; and, finally, no sum has been restored to the general fund of the county; nor has the public treasury been enriched by this action. Instead, the particular fund here involved has remained in the general fund throughout this litigation.

That the County, due to the delay caused by this action, has been able to let a contract which effects a saving of more than $100,000 is incidental. That was not the subject matter of the action, and the saving thus effected cannot form the basis for the allowance of expense money.

In this connection it is well to note that we did not sustain the order restraining the defendants from expending $138,713.80 on the proposed project on the ground the County was without authority to expend surplus nontax County funds in furtherance of the plan to provide additional hospital facilities. It was sustained for the reasons such expenditure (1) would be contrary to the representations contained in the bond order limiting the amount of county funds to be expended for that purpose; (2) would materially vary the project after the issuance of bonds in accord with the bond resolution had been authorized by the voters; and (3) would constitute a breach of faith with the electorate of the County. *Rider v. Lenoir County, supra.*

In our opinion the costs of the action should be taxed against the defendant County. To this extent the exception to the taxation of the costs is without merit and is overruled.

The other exceptive assignments of error are without sufficient merit to require discussion.

The court below erred in allowing plaintiffs expense money to the extent of reasonable attorney fees. Likewise, the costs should have been taxed against the defendant County. The judgment entered must be so modified. In all other respects said judgment is affirmed.

Modified and affirmed.