333 P.2d 1058

Antonio Jose CARABAJAL, Pablo Candelaria, Miramon Amaya, Esteban Herrera, Manuel Aranda, Eutimio Herrera, Salvador Jara Millo, Epimenio Herrera and Dan Herrera, acting for themselves and for other heirs, owners and proprietors of land upon the community land grant of the Town of Atrisco, similarly situated, Plaintiffs,

v.

Magdaleno CANDELARIA, Isidro Sanches, Frank Gonzales, David J. Armijo, Filemeno Rivera, Rosendo Saavedra; Guadalupe Armijo, also known as Lupe Armijo; Eutimio Herrera and Pablo Candelaria, as Members of the Board of Trustees of the Town of Atrisco, a community land grant corporation, Defendants.

Jake ARMIJO, Benjamin Benavidez, David J. Armijo, Trinidad Lovato, Ufelia Games, Marcelino Saavedra, Manuel Garcia, Tranquilino Barela, Roman Salas, Samuel Garcia, Carlos Games, Rumaldo Garcia, Filemon Chavez, B. W. Sloan, Arturo Gonzales and Max Griego, in their own behalf and in behalf of others similarly situated, Petitioners-Appellees and Cross-Appellants,

v.

TOWN OF ATRISCO, a corporation, Respondents-Appellants and Cross-Appellees.

No. 6393.

Supreme Court of New Mexico.

Dec. 31, 1958.

Apodaca, Fowlie & Maloney, John Brunacini, Albuquerque, for appellant.

Hannett, Hannett & Cornish, Albuquerque, for appellees.

McGHEE, Justice.

We are asked to determine on this appeal whether the district court of Bernalillo County had power after the remand of

Armijo v. Town of Atrisco, 62 N.M. 440, 312 P.2d 91, for further proceedings not inconsistent with the opinion in said cause, to allow attorney fees in substantial amount for the benefit of attorneys representing appellees, the prevailing parties on said appeal.

This is not the first time we have had before us appeals dealing with the Town of Atrisco Grant and its affairs. See, Armijo v. Town of Atrisco, 56 N.M. 2, 291 P.2d 535, and Armijo v. Town of Atrisco, 62 N. M. 440, 312 P.2d 91. It is out of the latter case rather than the former that this appeal arises. Reference may be made to the two appeals, however, and more especially the later one to get the background of the appeal before us now. The present appeal is spoken of by counsel for appellants as a continuation of the proceedings initiated by the later appeal.

In the appeal lately before us and last in point of time the trial court approved a plan to make a distribution of the common lands of the Grant under a scheme which we were compelled to pronounce a lottery. We reversed the judgment or decree of the trial court and remanded the cause for further proceedings not inconsistent with our opinion in the cause. Thereafter, there was filed in said cause by the petitioners, appellants in last mentioned appeal, an application whereby they sought to have the trial court make an allowance of a reasonable attorneys' fee to petitioners in behalf of their attorneys who had successfully resisted efforts to have the common lands of the Grant divided on a lottery basis.

After a hearing at which evidence was taken on the work performed by said attorneys and the reasonable value of such services the trial court allowed an attorneys' fee in the sum of $3,000 and ordered same to be fixed as a lien on the lands of the Grant, in the event it was not paid within a reasonable time. It is from the judgment so rendered that the Town of Atrisco prosecutes this appeal.

The Town of Atrisco Grant owes its corporate origin to L.1891, c. 86, superseded by L.1917, c. 3, and is a quasi-municipal corporation spoken of in Armijo v. Town of Atrisco, 62 N.M. 440, 312 P.2d 91, as having been in semi-receivership for some years in the cause out of which that appeal arose. It is the contention of Town of Atrisco (appellant herein) that there being no statutory authorization for the allowance of attorney fees against it, none can with propriety be allowed for benefit of the attorneys who successfully represented the petitioners in the cause which was last before this Court and resulted in forestalling a distribution of the common lands of the Grant in a lottery.

They cite Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110; State ex rel. Stanley v. Lujan, 43 N.M. 348, 93 P.2d 1002, and Banes Agency v. Chino, 60 N.M. 297, 291 P.2d 328, to the general proposition that in this

state statutory authority must exist for the allowance of attorney fees against a litigant. In the Banes case, however, it was recognized that exceptions to the general rule exist in this state and cases were cited in support thereof. Attorney fees were allowed litigating stockholders in Marron v. Wood, 55 N.M. 367, 233 P.2d 1051, to be paid out of the assets of the corporation.

The Town of Atrisco admits in its brief that it is proper to allow attorney fees in a stockholder's suit to prevent the waste of the assets of a private corporation, but urges that as it is a quasi-public corporation such an allowance may not be made in the absence of a statute.

It is true the corporation has been so designated by this Court, but it may well be the term "semi-public" corporation might be more appropriate. It has a governing body to handle the affairs of the grant and may levy assessments, yet its property is not exempt from taxation. Town of Atrisco v. Monohan, 56 N.M. 70, 240 P.2d 216. It is a community grant and all of the "heirs" are equal owners in its undisposed of lands, and it seems to us this is analogous to the stockholders in a private corporation.

According to an appraisal of the 10,000 acres of land that were to be disposed of by lottery it had a value of some $235,000, and its disposition in an unlawful manner was prevented by the suit of those now asking for the allowance of an attorneys' fee to the end they will not be personally responsible. We see no reason why such an allowance should not be made.

Many courts have authorized the allowance of attorney fees against municipal corporations where funds are protected. A very well reasoned case where such fees were allowed is Shillito v. City of Spartanburg, 214 S.C. 11, 51 S.E.2d 95, 5 A.L.R. 2d 863, where there is an excellent review of authorities from other courts on the subject.

As stated in Horner v. Chamber of Commerce, 236 N.C. 96, 72 S.E.2d 21, that while ordinarily attorney fees will not be allowed against a municipality in the absence of statute, there is a well recognized exception where the unlawful expenditure of public funds has been prevented. There is also a review of a number of authorities supporting the action of the court in allowing such payment. See also, Konig v. Mayor and City Council of Baltimore, 128 Md. 465, 97 A. 837, and Rider v. Lenoir County, 238 N.C. 632, 78 S.E.2d 745.

The trial court did not err in allowing an attorneys' fee in this case.

The remaining claim of error that the court abused its discretion in the admission of certain testimony as to the value of the lands saved, as well as the amount of the attorneys' fee has been considered and is deemed to be without merit.

162

The action of the court in the allowance of an' attorneys' fee will be affirmed, and the costs of this appeal are assessed against the corporation.

It is so ordered.

SADLER, COMPTON and SHILLING-LAW, JJ., concur.

LUJAN, C. J., not participating.