Madden v. Chase

VINCENT MADDEN, CUSTODIAN FOR KATHERINE ANN MADDEN UGTMA, ON BE-
HALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED v. DAVID T. CHASE,
THOMAS N. ROBOZ, E. M. HICKS, J. JOHN FOX, JAMES E. GETTYS,
HARRY M. NACEY, JR., J. BENJAMIN BOSTICK, FRANK GABOR, RON-
ALD J. KRAUSE AND STANWOOD CORPORATION

No. 8626SC785

(Filed 3 February 1987)

Attorneys at Law § 7.5; Costs § 4.2— action to enjoin "going private" merger — at-
torney fees not allowable

Plaintiff shareholder's class action to enjoin a "going private" merger does
not fall within the equity exception to the rule that attorney fees are not
allowable as part of the costs in the absence of statutory authority since plain-
tiff brought the action to maintain the value of his investment rather than to
protect or preserve public funds or property.

APPEAL by plaintiff from *Saunders (Chase B.), Judge.* Judg-
ment entered 28 March 1986 in Superior Court, MECKLENBURG
County. Heard in the Court of Appeals 17 December 1986.

Plaintiff, a shareholder of defendant Stanwood Corporation,
brought a class action against defendants. He sought to enjoin a
proposed "going private" merger whereby defendants David T.
Chase and Thomas N. Roboz proposed to purchase all of the out-
standing Stanwood stock for $9.00 per share. Plaintiff contended
that the price offered by Chase and Roboz was unfair and vio-
lated the fiduciary duty that they owed to the shareholders.

After the case had been pending for approximately five
months, Interstate Securities, an independent investment banking
firm which had initially given an opinion to the directors of Stan-
wood that the $9.00 per share price was fair, reevaluated its opin-
ion and withdrew it. Thereafter, the offer of Chase and Roboz to
acquire the stock was withdrawn, and the "going private" merger
was abandoned.

Defendants then moved to dismiss the action. Plaintiff ac-
knowledged that dismissal was proper but sought an opportunity
to file an application to recover costs including attorneys' fees.
The trial court denied plaintiff's request. From the judgment of
the trial court, plaintiff appeals.

*Cansler & Lockhart, by Thomas Ashe Lockhart and Bruce M. Simpson; Garwin, Bronzaft & Gerstein, by Bertram Bronzaft and Scott W. Fisher; Gross & Sklar, by Eugene A. Spector, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by William C. Livingston and Joseph B. C. Kluttz, for defendant appellees Hicks, Fox, Gettys, Nacey, Bostick, Gabor and Krause.*

*Robinson, Bradshaw & Hinson, by John R. Wester, Martin L. Brackett, Jr. and Samuel D. Walker, for defendant appellee Stanwood Corporation.*

*No brief for defendant appellees Chase and Roboz.*

ARNOLD, Judge.

The general rule in North Carolina is that in the absence of statutory authority, attorneys' fees are not recoverable. *Hicks v. Albertson,* 284 N.C. 236, 200 S.E. 2d 40 (1973). There is no statutory authority for an award of attorneys' fees in the present case. Despite this rule, plaintiff contends that "the trial court erred in denying plaintiff's request for an opportunity to make an application to recover costs, including reasonable attorneys' fees, where plaintiff's class action conferred a substantial benefit on all shareholders."

In support of his argument, plaintiff relies on *Rider v. Lenoir County,* 238 N.C. 632, 78 S.E. 2d 745 (1953), and *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970). *Rider* involved a suit by a taxpayer to enjoin the issuance of hospital bonds. The taxpayer prevailed and prevented the county from improperly expending tax revenues. However, the court denied the taxpayer's request for attorneys' fees because the action did not create or restore a common fund. There is dicta in *Rider* that the court may award attorneys' fees in certain equity cases which are successfully prosecuted on behalf of a class. However, the "certain equity cases" cited in *Rider* consider the availability of attorneys' fees from decedent's estates. In other words, *Rider* represents the proposition that fees are at times available from court-supervised funds and municipal funds recovered in tax litigation.

In *Mills,* the U. S. Supreme Court awarded attorneys' fees to minority shareholders who had established a cause of action for a

violation of the Securities Exchange Act of 1934. The Court held that the absence of express statutory authorization under section 14(a) of the Act did not preclude such an award. The Court further held that the award of attorneys' fees was not barred by the fact that no monetary fund was produced by the suit. The interpretation of the Securities Exchange Act of 1934 in *Mills* is irrelevant to the question of whether plaintiff can recover attorneys' fees for his action to enjoin a "going private" merger in North Carolina.

Neither *Rider* nor *Mills* provide authority for the recovery of attorneys' fees in the case *sub judice.*

In *Kiddie Korner Day Schools, Inc. v. Charlotte-Mecklenburg Board of Education,* 55 N.C. App. 134, 147, 285 S.E. 2d 110, 118 (1981), *disc. rev. denied,* 305 N.C. 300, 291 S.E. 2d 150 (1982), this Court stated:

> "North Carolina has applied a rule of equity exception in various classes of cases, i.e. where a litigant at his own expense has maintained a successful suit for the preservation, protection or increase of a common fund or of common property." *Ingram, Commissioner of Insurance v. Assurance Co.,* 34 N.C. App. 517, 524-25, 239 S.E. 2d 474, 478 (1977) citing *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21 (1952). See also *Rider v. Lenoir County,* 238 N.C. 632, 78 S.E. 2d 745 (1953); *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644 (1943).

In *Kiddie Korner,* plaintiffs argued that their action to stop defendant School Board from spending school funds fell within the equity exception above and entitled them to an award of attorneys' fees. This Court found no merit in their argument and stated that plaintiffs brought the action primarily to protect their business interests, not to protect or preserve public funds or property.

Plaintiff argues in this case that his action to enjoin the "going private" merger falls within the equity exception. We do not agree. Plaintiff brought this action to maintain the value of his investment, not for the primary purpose of protecting or preserving public funds or property. We hold that the trial court did not err

in denying plaintiff's request for an opportunity to make an application to recover costs and attorneys' fees.

We recognize the fact that "going private" mergers are novel transactions and are not expressly covered by the North Carolina Business Corporation Act. However, it is up to the legislature, and not the courts, to make any changes which would allow an award of fees in such situations. Accordingly, the judgment is

Affirmed.

Judges PHILLIPS and ORR concur.